## HAWK vs. LEVERETT et al.

If a vendor of land acted upon the advice of her agent or friend and confidential adviser, and accordingly made to the vendee a deed instead of a bond for titles, and took notes for the deferred payments of purchase money, believing, under the advice given, that the land would always be subject for the purchase money, and the agent or friend thereafter bought the land from the original vendee, equity will relieve the vendor against the effect of the deed, and subject the land to the payment of the purchase money, although no fraudulent practice or suggestion may have been used to induce the making of the deed.

(a.) The charge of the court as a whole was erroneous.

December 21, 1883.

Principal and Agent. Fraud. Equity. Before Judge LAWSON. Jasper Superior Court. April Term, 1883.

Reported in the decision.

G. T. & C. L. BARTLETT, for plaintiff in error.

KEY & PRESTON; F. JORDAN, for defendants.

BLANDFORD, Justice.

The plaintiff filed her bill against the defendants, and the jury found a verdict for the defendants. Plaintiff moved the court for a new trial upon several grounds set out in the motion, which was overruled by the court, and plaintiff excepted, and prosecutes this writ of error to reverse the judgment of the court in refusing to grant the new trial.

It appears from the facts in the record, that plaintiff was the owner of a certain tract of land known as the Sparks place; that she was very old and feeble, and her brother having died, she had no one to help her; in 1870 she applied to Leverett, one of the defendants, to assist her, as she had known him a great while, which he agreed to do, and did so; that a short time afterwards Lane wished

to purchase her land; Leverett advised her to sell, also represented to her, as she was going to sell on time, it would be best to make a deed to the land, as the notes for the purchase money would bind the land. One Newton advised her to give bond for titles, and not make a deed, but Leverett again stated that he had heard of great trou- ble growing out of giving bond for titles. Having great confidence in Leverett, she sold her land to Lane, and made him a deed, Leverett writing the deed and witnessing the same, with Newton. She turned over the notes which Lane had given her for the land to Leverett, and some money, as her agent. She moved to Newton county; a short time afterwards Leverett exchanged a settlement of land which he had with Lane for the Sparks place, and Lane made Leverett a deed to the Sparks place; some time after- wards, Lane having failed to pay the difference between the Sparks place and the place which Leverett had let him have, Leverett and Lane canceled the deed which Leverett had made, and took back the place which he had let Lane have; thus he became the owner of both places. The plaintiff having obtained judgment against Lane upon the note given for the purchase price of the Sparks place, caused the execution, which had been issued thereon, to be levied on the Sparks place, when Leverett instituted his claim thereto. It further appears that, when Lane made the deed to Leverett for the Sparks place, he stated to Leverett that he knew the land was bound to pay plaintiff's note for the purchase money, to which Leverett assented.

This bill was filed to subject the Sparks place, in Lever- ett's hands, to the payment of plaintiff's judgment against Lane for the purchase money.

The first ground in the motion for new trial is, because the court erred in refusing to charge the jury, as requested by plaintiff's counsel, as follows: " That if the jury believe from the evidence that, at the time plaintiff sold the land to Lane, that Leverett was either the agent or confiden- tial friend and adviser of plaintiff; that she made a deed

to Lane, instead of a bond for titles, on the advice of Leverett, believing the land would always be subject or good for the purchase money, and she was entirely ignorant of the effect of such deed, then equity will relieve against the effect of the instrument, even though no fraudulent practice or suggestion may have been used by Leverett to induce her to make the deed."

This request should have been given in charge to the jury; it embodies the law of this case, as shown by the facts set forth in the record.

It is quite evident that Leverett, when he advised plaintiff to make a deed instead of giving a bond for titles, occupied the position of confidential adviser to plaintiff; and it is plain, when he made the trade and acquired the title to this property, the Sparks place, he was the agent of the plaintiff; and now to allow him to hold this land, freed from the lien of plaintiff for the purchase money thereof, by the very means advised and counseled by himself as the proper means to secure plaintiff the payment of the purchase money, would be to sanction a fraud upon his part.

It will make no difference that, at the time Leverett gave the advice to plaintiff to make the deed to Lane, he acted honestly and believed his advice to be correct, and did not then have in contemplation himself the purchase of the land from Lane. He knew, at the time he did purchase the land from Lane, what advice he had given, and that plaintiff acted upon such advice; his act in purchasing the land from Lane was an act calculated to deprive plaintiff of part, if not the whole, security for the purchase money, which she had taken under his advice. This conduct on his part is fraudulent in law, however honest he may have been when he gave the advice. This conduct renders the land in his hands liable to pay plaintiff's judgment for the purchase money. Code, §§3174, 3177. 2636.

It is unnecessary to review the other grounds taken in the motion for new trial, as we are satisfied that the charge

of the court, taken as a whole, was error, and that a new trial should have been ordered in this case.

Judgment reversed.