## WALTERS *v.* EAVES.

1. Though an answer may recite that there is attached thereto a described exhibit, the fact that the same is not so attached will not, if such exhibit be really immaterial, render the answer demurrable.
2. "Misrepresentation of a material fact, made by one of the parties to a contract, though made by mistake and innocently, if acted on by the opposite party, constitutes legal fraud," and the party injured in consequence thereof may set up the damages thus arising, in defense to an action upon the contract.
3. A plea of set-off is not good unless it alleges facts showing that the demand against the plaintiff which the defendant therein seeks to set up was in existence and due to the latter by the former at the time his action was begun.

Submitted June 13, 1898.— Decided March 4, 1899.

Complaint on note. Before Judge Reese. Hart superior court. November 15, 1897.

*James H. Skelton,* for plaintiff in error.

*O. C. Brown* and *John P. Shannon,* contra.

LUMPKIN, P. J. An action was brought by Eaves against Walters upon a promissory note for $300.00, signed by the latter and payable to the former. Upon the note there was a credit of $23.95. The defendant filed an answer to which the

plaintiff demurred orally. The court sustained the demurrer, and directed a verdict for the plaintiff. The demurrer, save as to a question of practice which will be hereinafter more specifically noticed, was in its nature general. The material allegations of the answer, so far as they related to the main defense relied upon, were, in substance, as follows: The plaintiff and the defendant, as partners, had been engaged in a general mercantile business, the sole management of which had been conducted by the former, the latter knowing nothing of the details or condition of the partnership affairs. They entered into a contract of dissolution, by the terms of which the defendant bought out the interest of the plaintiff in the business, giving therefor the note sued on, assuming all the debts of the firm, and becoming entitled to collect and appropriate to his own use all notes and accounts due to the partnership. The defendant was induced to enter into this contract of purchase because of representations made by the plaintiff to the effect that the total indebtedness of the partnership did not exceed the sum of $583. After taking charge of the business, the defendant learned that there were, in addition to the creditors whose claims amounted to this sum, other creditors of the partnership holding against it just claims amounting to $303.54, which he was compelled to pay. Eaves had represented to the defendant that these creditors last referred to had been paid, when in fact they had not been. He also represented to the defendant that a specified account held by the partnership against a designated person amounted to $3.15, when it was for but $1.65, and the defendant collected only the latter sum, thus losing $2.50. The defendant relied on the foregoing representations in making the contract, and afterwards ascertained that the same were false in the particulars indicated, and as a consequence he suffered loss as shown. He prayed that his damages be allowed as a set-off against the note sued on, and that inasmuch as the amount of such damages was greater than that due upon the note, he have judgment for the balance against Eaves. The defendant further pleaded " that said plaintiff is indebted to him on account $7.40 for goods he bought of defendant since the dissolution of said firm of Eaves & Walters, which he asks to be al-

lowed as a set-off against plaintiff." The answer alleged that a copy of the list of creditors whose claims amounted to $583, the total amount of the firm's indebtedness, as represented by Eaves, was attached as an exhibit marked " A." In point of fact, however, no such exhibit appeared, and the special ground of the demurrer above mentioned attacked the answer as being insufficient in that the defendant had failed to attach this exhibit as alleged. Attached to the answer as an exhibit marked " B " was a list of the creditors whose claims, amounting to $303.54, the defendant had been compelled to pay.

1. We will first deal with the special demurrer. The defendant did not complain of having to pay the creditors of the firm whose claims amounted to $583. What the answer alleged upon this subject was evidently for the sole purpose of leading up to and making clear so much of the defense as rested upon the fact that the defendant had paid the demands against the firm amounting to $303.54 held by persons not included among the creditors whose claims made up the $583. We do not, therefore, perceive why a list of these particular creditors was at all essential to the legal sufficiency of the answer, it being as to the matter of defense last mentioned sufficiently definite and complete in itself. There was, as above stated, an exhibit setting forth a list of the claims aggregating $303.54, and the real controversy between the parties related to these demands.

2. The answer does not undertake to allege that the representations made by Eaves and acted on by Walters were fraudulent, but simply avers that they were false and that by relying upon the same and purchasing upon the faith thereof Walters was damaged in the manner set out in his answer. Under the provisions of section 4026 of the Civil Code, a misrepresentation of a material fact, though made by mistake and innocently, if acted on by the opposite party, constitutes "legal fraud." One thus imposed upon is certainly entitled to redress if, in the transaction between himself and the other party thereto, his opportunities for knowing the truth were not as good as those of the person upon whose statements he relied, and the circumstances were such that he had a right to expect that this person would deal with him fairly and conscientiously. It would

seem, under the facts alleged, that this was a case of the kind just mentioned. Eaves had been the managing partner and Walters had just reason for believing that the former was acquainted with the condition of the firm's business, of which he (Walters) personally knew nothing. The following, which we extract from 5 Am. & Eng. Enc. L. 320, appears to be applicable to the facts in hand: "When any party makes material representations which he avers to be true, with intent that they shall be acted upon, and these representations are actually relied upon by the other party in completing the negotiations, and then they prove false, to the injury of the party accepting them, relief can be had in a court of equity, although the party who made the representations knew not of their falsity." In this connection, see also *Elder* v. *Allison, 45 Ga.* 13, in which, following the law laid down in our code, it was held: "Misrepresentation of a material fact, made by one of the parties to a contract, though made by mistake and innocently, if acted on by the opposite party, constitutes legal fraud"; and further, that a defendant in an action at law might set up as an equitable defense thereto the fact that he had suffered injury by reason of such a misrepresentation. The principle of that case, though the facts thereof are somewhat dissimilar, is applicable here, for it lays down the rule that a party who has sustained damage in consequence of a legal fraud precisely like that which we are discussing may have equitable redress when an action at law to enforce payment of the purchase-money is brought against him. Assuming as true the averments of the answer, it seems that to do perfect equity and exact justice between these parties would be to credit Eaves with the amount due upon the note held by him, and debit him with the amount of the actual damages he occasioned Walters by inducing him to enter into the contract on the faith of false representations concerning the firm's assets and liabilities. This is exactly what the defendant's answer, so far as this branch of the case is concerned, sought to accomplish, and we are therefore of the opinion that the court erred in striking so much of the answer as set up this defense.

3. The plea of set-off was obviously defective in that it entirely failed to allege that the defendant's demand upon the ac-

count therein referred to originated before the bringing of the present action. The plaintiff therefore could, as he did by his general demurrer, admit the truth of the recitals of fact set forth in this plea, and still not be liable to account in this action for the $7.40. This is true because in the absence of such an allegation as that just suggested, it would not affirmatively appear that this particular demand constituted a proper basis of set-off.

*Judgment reversed. All the Justices concurring.*