## BURPEE v. HOLMES.

1. The petition in this case was an action for damages for the breach of an implied warranty in the sale of personalty, and not an action for damages from fraud and deceit.
2. In the sale of personalty, if there is no express warranty, the seller in all cases (unless expressly or from the nature of the transaction excepted) warrants that he has a valid title and a right to sell; and there is a breach of such implied warranty if the property, after the sale, is taken and sold under a mortgage to which it is subject, given and duly recorded prior to the sale.
3. The evidence was sufficient to support the verdict, and there was no abuse of discretion in refusing a new trial.

Argued February 6,—Decided April 17, 1909.

Attachment. Before Judge Freeman. Troup superior court. January 25, 1908.

*E. T. Moon* and *D. B. Whitaker,* for plaintiff in error.

*E. A. Jones* and *D. J. Gaffney,* contra.

HOLDEN, J. The defendant in error brought suit against the plaintiff in error for damages, making substantially the following allegations: Burpee, the defendant in the court below, through Carlyle, on January 15, 1906, sold the plaintiff a mule, which at the time was incumbered with a mortgage which was afterwards foreclosed, and the mule taken from the plaintiff and sold. "That your petitioner did not know at the time he purchased said mule

it was under or subject to a mortgage. Neither did said Sam P. Burpee nor Stanmore Carlyle inform him that there was a mortgage on said mule. That at the time the said Sam P. Burpee sold said mule to petitioner he well knew of the existence of the said bank's lien; that he knew of the same when he and the said Stanmore Carlyle, his agent, sold said mule, or induced said W. A. Holmes to purchase the same, knowing full well that the mule was subject to the mortgage held by said bank. . . That the said Sam Burpee, at the time he sold or had said mule sold to said W. A. Holmes, he the said Sam Burpee knew of the existence of the said bank's superior lien, and that said mule was subject to said lien." After the mule was levied upon, the plaintiff notified the defendant, who agreed to give to the plaintiff another mule in the place of the one sold him, or pay him the value of the mule, which promise the defendant failed to carry out. The plaintiff sued out an attachment against the defendant on the grounds of his being a non-resident and causing his property to be removed beyond the limits of the State, and filed his declaration in attachment. The defendant in his answer denied that he sold the mule to the plaintiff, but alleged that the mule was the property of Carlyle, and that Carlyle sold the mule to the plaintiff as his own property. He denied that he knew that there was a mortgage on the mule at the time of the sale. Upon the trial of the case a verdict was rendered in favor of the plaintiff for $125, and to the order of the court overruling his motion for a new trial the defendant excepted.

1. The evidence shows that Carlyle sold the mule to the plaintiff, but there is evidence that the defendant admitted that the mule belonged to him and that Carlyle acted as his agent in selling the mule. There is no evidence, however, that Carlyle or the defendant, at the time the mule was sold to the plaintiff, knew of the existence of the mortgage thereon under a foreclosure of which the mule was levied upon and sold. The defendant contends that the action is one for fraud and deceit, and that, there being no evidence that at the time the mule was sold to the plaintiff there was any knowledge on the part of the defendant, or Carlyle, that a mortgage on the mule existed, the verdict was contrary to evidence. In order to recover in an action of deceit it is necessary to allege and prove the scienter. *Cooley* v. *King*, 113 *Ga.* 1163, 1165 (39 S. E. 486). In order to maintain an action

under the Civil Code, § 3813, or under § 3814, it is necessary, as stated in *DeVaughn* v. *Harris,* 103 *Ga.* 105 (29 S. E. 613), and in *Gordon* v. *Irvine,* 105 *Ga.* 144, 148 (31 S. E. 151), respectively, to show actual moral fraud. Is this action one for fraud and deceit, or one for the breach of an implied warranty as to title? There is no allegation that the defendant, or Carlyle, made any representation to the plaintiff that there was no mortgage on the mule at the time of the sale. The petition simply alleges that the defendant knew at the time of the sale of the existence of the mortgage and failed to inform the plaintiff of its existence. The Civil Code, § 3814, provides, "Willful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action. Mere concealment of such a fact, unless done in such a manner as to deceive and mislead, will not support an action." Under this provision, proof of concealment in the manner therein set forth would be sufficient to authorize a jury to infer actual moral fraud on the part of the seller; but the plaintiff does not allege in the petition any intention on the part of the seller to deceive or defraud the plaintiff in withholding from him or concealing the information which the defendant is alleged to have had about the existence of the mortgage. If the seller of the mule knew at the time of the sale that there was a mortgage on the mule, duly recorded and to which the mule was subject, and *merely* failed to inform the buyer of this fact without any intention to deceive or defraud him, this would not constitute actual moral fraud. There is an allegation in the petition that the buyer did not know of the existence of the mortgage. There is no allegation of the value of the mule, or the amount due on the debt secured by the mortgage. It may be true that the seller of a piece of personalty may know of the existence of a mortgage thereon to which the property is subject, and may intend to pay off the mortgage himself, or, because of the existence of the mortgage, sell it for a less sum than its value, honestly believing, and for good reasons being justified in the belief, that the buyer also has knowledge of the outstanding mortgage and expects to discharge it as a part of the cost to him of the property purchased; and the circumstances might be such that there would be no fraud or deceit, or concealment of the existence of the mortgage "in such a manner as to deceive and

mislead" the buyer. There is no allegation that there was any intention on the part of the seller to deceive or mislead the plaintiff, or that the plaintiff was deceived or misled; nor is there any allegation that the plaintiff was "defrauded." The allegation in the first paragraph of the petition is that "defendant is indebted to your petitioner in the sum of one hundred and twenty-five dollars, for that" defendant sold plaintiff a mule which was subject to a mortgage, and that the mule was afterwards levied on under the execution issued upon the foreclosure of the mortgage. The second paragraph alleges that the mule was sold under the mortgage execution, "to the loss and damage of petitioner." The petition further alleges that the defendant subsequently admitted "his liability, . . promising to pay the same." It is nowhere alleged that the plaintiff was misled, deceived or defrauded, or that the defendant, or his agent, intended to deceive, mislead, or defraud the plaintiff. The allegations that at the time of the sale the defendant knew but the plaintiff did not know of the existence of the mortgage, and defendant failed to inform plaintiff of this fact, simply make plain and emphasize the fact that there was no waiver by the plaintiff of the implied warranty of title by the defendant in the sale, and that the facts and circumstances were such that the implied warranty was not "expressly or from the nature of the transaction excepted." In this case there is no allegation whatever in the petition that the defendant knew that the plaintiff did not know of the existence of the mortgage. In the case of *Perdue v. Harwell*, 80 *Ga.* 150 (4 S. E. 877), it was held that the action was brought upon the contract and not upon the tort, and on page 153 the court says: "Another, and perhaps the stronger reason is, that the declaration filed by the plaintiff does not allege fraud or deceit on the part of the defendant. It does not even hint at either in any part of the declaration; showing that the pleader relied upon the contract and not upon the tort." We do not think that the petition in the present case was an action for fraud and deceit, but was an action for damages for breach of an implied warranty. Upon the trial of a case, proof of facts connected with the concealment of a material fact might show actual moral fraud; but in construing a petition to determine whether or not a party is proceeding in an action for moral fraud perpetrated upon him, the absence of an allegation that the defendant actually intended to mis-

lead, deceive, or defraud, and the absence of allegations of circumstances indicating moral fraud, and the absence of allegations that plaintiff was misled, deceived, or defrauded, must be considered in determining whether the action is based on fraud and deceit, or is an action ex contractu. There is nothing in the ruling herein made in conflict with the decision in the case of *Gordon* v. *Irvine,* 105 *Ga.* 144 (31 S. E. 151). There are allegations in the petition that the defendant, after the property was taken under the mortgage, promised to deliver to the plaintiff another mule or pay the plaintiff the value of the property. We do not think these allegations can be properly construed as constituting a suit to recover upon such subsequent promise, but they were simply allegations of a subsequent admission of liability made by the defendant. We do not think there is any merit in the complaint of the defendant that the court committed error in refusing to award a nonsuit, or to direct a verdict, or to grant a new trial on the ground that the action was one ex delicto and there was no evidence showing fraud or deceit on the part of the plaintiff, or his agent who sold the mule to the plaintiff. According to a proper construction of the petition, the action was one for damages from breach of implied warranty of title.

2. The Civil Code, § 3555, provides that if there is no express covenant of warranty, the seller (unless expressly or from the nature of the transaction excepted) warrants that he has a valid title to personalty and the right to sell it. It would be a breach of such implied warranty if, at the time of the sale, there was a valid and duly recorded incumbrance upon the property, to which it was subject and under which it was afterwards taken from the buyer and sold. *Snowden* v. *Waterman,* 100 *Ga.* 588, 589 (28 S. E. 121). See also 30 A. & E. Enc. Law, 181.

3. The plaintiff in error contends that the evidence does not disclose the fact that the plaintiff has been damaged, and bases this contention on the following statement made by Holmes in delivering his testimony: "At the time the mule was levied on it was out here in the possession of a negro to whom I had sold it." In making the motion for nonsuit and the motion for the court to direct a verdict for the defendant he did not claim that by reason of this statement by the plaintiff the evidence showed that plaintiff was not damaged. Holmes further testified: "I kept that mule

about twelve months before it was taken away.  .  . He [Burpee] said that it was his mule, and that he was responsible to me for the mule.  .  . I didn't file any claim to the mule, or try to maintain my title in the mule as against the levy.  .  . I told him I wouldn't take $125 for the mule I had.  .  . I swore in that trial  .  . that Carlyle had cheated and defrauded me out of $125; he or somebody had." Another witness testified that the defendant said, "You can just rest satisfied Mr. Holmes will be paid in full for his mule." This witness further testified that Burpee said he would bring a mule "to take the place of the mule that Mr. Holmes had lost." In view of the testimony above quoted, and of other testimony in the case, indicating that the mule belonged to Holmes at the time of the levy and sale, we think the jury were authorized from all the testimony to conclude that at the time the mule was levied upon and sold it belonged to the plaintiff, and that he sustained damages to the amount of the verdict in the loss of the mule. The evidence discloses the fact that the mortgage was duly recorded and a lien on the mule at the time of the sale to the plaintiff. The evidence supported the verdict, and the court did not abuse his discretion in overruling the motion for a new trial.          *Judgment affirmed.  All the Justices concur.*