*King & Spalding* and *E. M. Underwood,* contra.

---

## DUMAS *v.* WARE & HARPER.

PER CURIAM. The plaintiff having failed to establish that the representa-tions made by the agent of the defendants were known by him to be false, or were of such a fraudulent or reckless nature that, although they may not have been known by him to be false, they yet were made with intention to deceive, equivalent to knowledge of their falsity, she failed to establish one of the essential elements of a cause of action founded on alleged false and fraudulent representations inducing her to enter into a contract with his principals, whereby she had been defrauded; and the court did not err in granting a nonsuit.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

FEBRUARY 20, 1915.

Action for damages from deceit. Before Judge Ellis. Fulton superior court. October 31, 1913.

Mrs. Dumas brought an action of deceit against D. E. Evans and the firm of Ware & Harper, to recover the sum of $500 alleged to have been paid by her to one Braswell, the agent of Ware & Harper, as part payment for a lease on a certain rooming-house in the city of Atlanta. It was alleged, that, prior to the payment of the $500, the plaintiff informed all of the defendants that she was practically a stranger in Atlanta and was not acquainted with the character and reputation of the "Carnegie Hotel," the premises leased, or the vicinity where it was located, and that she would therefore rely on them as to its character and reputation. Defendants represented that the hotel and vicinity bore a clean moral reputation, and that none but persons of clean moral repute boarded or roomed in the hotel, and only such persons were catered to and none others tolerated. These representations were false, and were made with a view to induce the plaintiff to act on same. The defendant Evans knew them to be false when made; and Ware & Harper made them either with knowledge of their falsity or in reckless disregard of their truth or falsity, and plaintiff acted and relied on them when she parted with her money. Since so doing she learned of the falsity of the representations and demanded the

return of her money, but the defendants refused to return it; and she brings suit to regain the damages caused by the false representations. Ware & Harper defended by denying the material allegations of the petition.

The evidence for the plaintiff tended to show that Evans operated the rooming-house, and that he placed the lease he held on it in the hands of Ware & Harper, brokers, for sale. Braswell was a salesman in their office. The plaintiff went to their office in response to an advertisement of the property for lease. She had operated a rooming-house within a block and a half of the "Carnegie Hotel" for a year and a half. She did not see Ware or Harper prior to signing the contract and making the purchase. Certain representations were made to her by Evans as to the good character of the house and vicinity. (Evans is not a party excepting.) Certain representations were made by Braswell, the agent of Ware & Harper, to the effect that he did not know about the hotel himself, but he assured the plaintiff that the community was all right, and that "the reputation of the immediate vicinity was satisfactory, that there was a church there, and that the Carnegie Library was there." A detective in the police department of the city testified for the plaintiff that the reputation of the hotel and its immediate vicinity, as it existed at and prior to the date the contract was executed, was bad. At the conclusion of the plaintiff's evidence, the court granted a nonsuit, and the plaintiff excepted.

*Hendrix & Silverman,* for plaintiff.

*Moore & Pomeroy,* for defendants.