### 13634. PILCHER *v.* THOMPSON.

JENKINS, P. J. 1. Under the ruling of the Supreme Court, made in response to questions certified to it by this court in this and other cases (*Cone* v. *American Surety Co.*, 154 *Ga.* 841, 115 S. E. 481), the motion to dismiss the bill of exceptions because of a lack of jurisdiction in this court to entertain it is overruled.

2. "Misrepresentation of a material fact, made by one of the parties to a contract, though made by mistake and innocently, if acted upon by the opposite party, constitutes legal fraud, and the party injured in consequence thereof may set up the damages thus arising, in defense to an action upon the contract." *Walters* v. *Eaves,* 105 *Ga.* 584 (2), 586 (32 S. E. 609); *Newman* v. *Claflin Co.,* 107 *Ga.* 89, 90 (32 S. E. 943); Civil Code (1910), § 4623. The rule in an action for deceit is somewhat different. Civil Code, § 4410; *Dumas* v. *Ware,* 143 *Ga.* 212 (84 S. E. 538); *Camp* v. *Carithers,* 6 *Ga. App.* 608 (5) (65 S. E. 583). Thus, where a purchaser of an automobile from the agent of an authorized dealer relies upon his express representation "that the price which all dealers received for the automobile was $1,350, and that was the selling price everywhere," thereby having reference to the list price designated by the manufacturer, when in fact the actual list selling price of such car as then listed and in operation everywhere was only $1,150, and where the purchaser did not have equal means with the dealer and the agent of knowing the listed price of the car, he may, unless such right has been waived, set up such a defense in a suit by the vendor for the purchase-price, although the vendor may not at the time of the sale have known that his representation was untrue. Under the undisputed evidence, the finding and judgment for the full amount of the note was unauthorized. It was therefore error to overrule the defendant's motion for a new trial.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 9, 1923.

Attachment; from city court of Thomasville — Judge W. H. Hammond.   May 6, 1922.

*J. J. Hill,* for plaintiff in error.

*C. E. Hay, Louis S. Moore,* contra.