18675.   PENN MUTUAL LIFE INSURANCE COMPANY *v.*
TAGGART.

DECIDED AUGUST 30, 1928.

*H. Wiley Johnson,* for plaintiff in error.

*Lawrence & Abrahams, Edwin A. Cohen,* contra.

JENKINS, P. J. 1. Fraud is either actual or constructive. Either constitutes legal fraud. Actual fraud "consists of any kind of artifice by which another is deceived." It involves moral guilt, since there must be an intentional purpose to deceive. Constructive fraud "consists in any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience." It does not involve moral guilt, since it is the act itself, as taken in connection with the relationship of the parties, and not the guilty purpose or intent, which constitutes constructive fraud. Civil Code (1910), § 4622.

(*a*) Either actual or constructive fraud may consist in the misrepresentation of a material fact. Whether the fraud is actual depends on whether the false representation was made with the purpose and intent to deceive.

(*b*) A material misrepresentation constituting actual fraud may give rise to an independent action in tort for deceit, to recover for damage thus occasioned. In such a suit it is necessary to show, not only that a material misrepresentation was made for the purpose of inducing the plaintiff to act, that he had a right to act, and that he did act thereon to his injury, but it must be shown that such representation was wilfully and knowingly false, or what the law regards as the equivalent of knowledge, a reckless or fraudulent representation about that which the party pretends to know, but about which he knows that he does not know, and by which false pretense his purpose and intent is to deceive. Thus, in any suit sounding in tort for damages on account of actual fraud, the gist of the action is the purpose and design to deceive. Civil Code (1910), § 4410; *Wooten* v. *Calahan,* 32 *Ga.* 382, 386; *Cooley* v. *King,* 113 *Ga.* 1163 (2) (39 S. E. 486); *DeVaughn* v. *Harris,* 103 *Ga.* 102 (29 S. E. 613); *Gordon* v. *Irvine,* 105 *Ga.* 144, 148 (31 S. E. 151); *Burpee* v. *Holmes,* 132 *Ga.* 464, 466 (64 S. E. 486); *Dumas* v. *Ware,* 143 *Ga.* 212 (84 S. E. 538); *Camp* v. *Carithers,* 6 *Ga. App.* 608 (5) (65 S. E. 583); 10 Michie's Enc. Dig. 409, 3.

(*c*) Constructive fraud, as limited and defined by section 4622 of the Civil Code (1910), and made to "consist in any act of omission or commission contrary to legal or equitable duty, trust or confidence justly reposed, which is contrary to good conscience," is

broadened, so far as it relates to misrepresentations of a material fact, by the succeeding section of the code (§ 4623), since the latter section specifically provides that innocently made misrepresentations, if acted on by the opposite party, constitute fraud, without reference to any limitation being fixed upon the relationship occupied by the parties to whom and by whom such representations are made. Consequently, an innocently made material misrepresentation which the opposite party has a right to act on and does in fact act on to his injury is made to constitute fraud by section 4623 of the code; but the fact that the opposite party may occupy one of the relationships mentioned by the preceding section defining constructive fraud does not operate to change that which would otherwise be mere constructive fraud, on account of lack of the element of guilty intent, into actual intentional fraud. It follows that whatever may be the rule in certain foreign jurisdictions with reference to innocent misrepresentations when made by one charged with a special duty to the opposite party to know and to impart the truth (see, in this connection, 12 R. C. L., 334, §§ 91-93), under the statutes and decisions of this State such misrepresentations can not amount to anything more than constructive fraud, and, as such, are not creative of any independent right of action for damages in tort in favor of the injured party; but they may support an action in equity to rescind a contract so induced. *Reese* v. *Wyman,* 9 *Ga.* 430; *Newman* v. *Claflin Co.,* 107 *Ga.* 89 (32 S. E. 943); Civil Code (1910), § 4113; see also *Dunn* v. *Beasley,* 143 *Ga.* 376 (85 S. E. 100); *King* v. *Dobbs,* 30 *Ga. App.* 441 (118 S. E. 428). Or they may be pleaded in defense to a suit on a contract thus procured (*Walters* v. *Eaves,* 105 *Ga.* 584 (2) (32 S. E. 609); *Pilcher* v. *Thompson,* 29 *Ga. App.* 493 (2) (116 S. E. 49). Or they may, it might seem, under the doctrine of estoppel, be employed in support of an action founded on the contract itself. *Wilkins* v. *McGehee,* 86 *Ga.* 764, 770 (13 S. E. 84); *Equitable Mortgage Co.* v. *Butler,* 105 *Ga.* 555 (31 S. E. 395); *American Freehold &c. Mortgage Co.* v. *Walker,* 119 *Ga.* 341 (3) (46 S. E. 426); *Parks* v. *Simpson,* 124 *Ga.* 523, 524 (52 S. E. 616); *Hood* v. *Duren,* 33 *Ga. App.* 203 (2) (125 S. E. 787). But see, in this connection, *Tinsley* v. *Rice,* 105 *Ga.* 285, 290 (31 S. E. 174).

2. The uniform-procedure act of 1887 provides, as codified by

section 5406 of the present code, that the superior courts of this State shall give effect to all the rights of the parties, legal or equitable, or both, and apply such remedy, legal or equitable, or both, in favor of either party, as the nature of the case may allow or require. The purpose of this act was to afford a party the opportunity to have all his rights in regard to the subject-matter tried in one action in the superior court. *Delaney* v. *Sheehan,* 138 *Ga.* 510, 513 (75 S. E. 632). It does not purport to create rights otherwise unauthorized or prohibited. Under the principles of law set forth in the preceding division of this decision, while section 4623 of the Civil Code provides that the innocent misrepresentation of a material fact, if acted on by the opposite party, constitutes fraud in a legal sense, it does not purport to establish or define what rights or remedies accrue to the opposite party from the perpetration of such constructive fraud. It is only to such rights as the litigants have that the superior courts of this State must give effect. Another and different provision of the code (§ 4410) undertakes to limit and define what misrepresentations of a material fact will give rise to a right of action in tort for damages. It is there provided that in order to support such an action a guilty purpose to deceive is a necessary element. None of the cases cited (*Smith* v. *Newton,* 59 *Ga.* 113; *Ellis* v. *U. S. Fertilizing &c. Co.,* 64 *Ga.* 571; *Smith* v. *Mitchell,* 6 *Ga.* 458; *Reese* v. *Wyman,* 9 *Ga.* 430; *Bailey* v. *Jones,* 14 *Ga.* 384; *Hawk* v. *Leverett,* 71 *Ga.* 675; *Johnson* v. *Dooly,* 72 *Ga.* 297) seem to hold or imply that an affirmative right of action in tort for damages can be maintained under § 4623, or otherwise, on account of a misrepresentation innocently made.

3. In the instant case, the petition for damages in tort, not being grounded on actual fraud involving conscious, moral guilt, with the purpose and intent to deceive, did not set forth a cause of action, and the court erred in overruling the demurrer pointing out such deficiency. The suit being admittedly an action in tort for damages, nothing is adjudicated or intimated concerning what rights, if any, the plaintiff, as assignee and owner of the policy of insurance, might have to recover the cash value thereon as it was represented to be by the defendant and acted upon by the plaintiff.

*Judgment reversed. Stephens and Bell, JJ., concur.*