## 20188. MORTON *v.* THARPE & COMPANY.

JENKINS, P. J. 1. Where two persons swap horses, in order for one of them to *rescind* the contact as void on the ground of fraud perpetrated by the other, the fraud must be actual; that is, it must consist of fraudulent misrepresentations knowingly made by the other party to induce the other to act, and acted upon by the opposite party. *Barnett* v. *Spier,* 93 *Ga.* 762 (21 S. E. 168); *Dunn* v. *Beasley,* 143 *Ga.* 376 (85 S. E. 100); *Hendley* v. *Chambliss,* 30 *Ga. App.* 736 (119 S. E. 351). But "misrepresentation of a material fact, made by one of the parties to a contract, though made by mistake and innocently, if acted upon by the opposite party, constitutes legal fraud, and the party injured in

consequence thereof may set up the *damages* thus arising, in defense to an action upon the contract." *Walters* v. *Hawes*, 105 *Ga.* 584 (32 S. E. 609) ; *Pilcher* v. *Thompson*, 29 *Ga. App.* 493 (2) (116 S. E. 49) ; *Penn Mutual Life Ins. Co.* v. *Taggart*, 38 *Ga. App.* 509, 512 (144 S. E. 400) ; Civil Code (1910), § 4623.

2. Words descriptive of the subject-matter of a sale are ordinarily to be regarded as warranties. *Henderson Elevator Co.* v. *North Ga. Milling Co.*, 126 *Ga.* 279 (55 S. E. 50). But misrepresentations concerning the subject-matter of the sale, if acted upon by the opposite party, may, under the authorities cited above, constitute fraud. *Emlen* v. *Roper*, 133 *Ga.* 726 (66 S. E. 934) ; *Barfield* v. *Farkas*, 40 *Ga. App.* 559 (2) (150 S. E. 600).

3. While it has been held that where an agreement for the sale of personalty has been reduced to writing, and the writing stipulates that it contains the entire agreement, and that the seller is not bound by any sort of warranty, either express or implied, in a suit for the purchase-money the defendant will not be permitted to plead *damages* by way of failure of consideration by showing that the seller had made false and fraudulent representations with reference to the subject-matter of the sale, unless he goes further and shows that he had been fraudulently induced to sign the written agreement under a misapprehension as to its contents (*Purser* v. *Rountree*, 142 *Ga.* 836 (83 S. E. 958) ; *Holt & Duggan Co.* v. *Clary*, 146 *Ga.* 46 (90 S. E. 381) ; *Harrell* v. *Holman*, 21 *Ga. App.* 159 (93 S. E. 1018) ; *Barfield* v. *Farkas*, supra), such a rule would not have such application as to preclude a claim for damages, where, as here, the contract did not by its terms exclude *all* warranties either express or implied, but undertook merely to relieve the seller from any warranty as to the "health, soundness, working qualities, recovery from shipping cold, nor against impotency" of the mule which was the subject-matter of the sale, and consequently would not exclude an express warranty as to the age of the mule.

4. The rule set forth in *Brooks Lumber Co.* v. *Case Threshing Machine Co.*, 136 *Ga.* 754 (72 S. E. 40), and in the cases there cited, which recognizes as valid and binding a provision in a contract of purchase and sale requiring performance by the vendee of a stipulated condition as a prerequisite to a claim for damages on account of the breach of a warranty, and under which a provision limiting to a specific number of days the right of the purchaser to rescind or claim damages for any cause might be valid and binding, will not preclude the right of a vendee of property to claim damages on account of a latent defect existing therein, where from the pleadings it appears that the defect complained of, which related to the age of the mule, could not have been determined by any inspection which the buyer could have made, and was such as reasonably might not have been discovered within the period provided by the contract, and was fraudulently concealed by the opposite party to the contract, and where it is made to appear that upon discovering the misrepresentations the buyer offered to return the property, and requested the seller to accept the property and return the purchase-money note given therefor. *Beasley* v. *Huyett & Smith Co.*, 92 *Ga.* 273 (3), 279 (18 S. E. 420) ; *Tinsley* v. *Gullett Gin Co.*, 21 *Ga. App.* 512 (4), 519 (94 S. E. 892).

790

5. Under the foregoing rulings, the defendant's affidavit of illegality set forth a good defense, and, no special demurrer having been interposed, it was improperly stricken on oral motion in the nature of a general demurrer. *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 8, 1930.

*J. B. Jackson,* for plaintiff in error.
*Jones, Jones, Johnston & Russell,* contra.