608

## 22059. JACKSON DISCOUNT COMPANY v. PITTS.

DECIDED SEPTEMBER 1, 1932.

*Beall & Beall, Walter Matthews,* for plaintiff.
*I. N. Cheney, Willis Smith,* for defendant.

JENKINS, P. J.   In a suit on a purchase-money note for a lighting plant, the defendant pleaded that he was unable to read, and that he was told when the note was signed that the plant would be installed for advertising purposes, and that the seller would enter into a contract agreeing to pay him a certain commission on all sales within a described territory.   The defendant claimed this was the instrument which he thought he was signing, and there is no testimony in the record disputing these facts.   There is testimony, however, that after the defendant ascertained that he had signed a purchase-money note for the lighting plant he caused a letter to be written to the plaintiff, by which he offered to pay a lesser sum in installments, without interest, in settlement of the purchase-money note, and that the plaintiff refused this offer.   The defendant testified as follows:   "I had this plant in my possession at the time I wrote that letter, and had kept it up to that time, and still have it, and still [am] using it, and that was what that note was given for, for that plant, but I have not used it by a big majority all the time."

Whether or not a continued use by the purchaser of the article involved after fraud in the procurement of the purchase-money note had been discovered, pending bona fide negotiations for a compromise, would estop the defendant from setting up the fraud, in the instant case it appears, without dispute, that the defendant continued to hold and use the article after his offer to compromise had been rejected.   Under the principle of law laid down by the Supreme Court in *Tuttle* v. *Stovall,* 134 *Ga.* 325, 330 (67 S. E. 806, 20 Ann. Cas. 168), such continued use, in the absence of testimony going to show any special right or privilege so to do, would operate to waive any fraud with which the original obligation might

have been tainted. Accordingly, under the evidence as disclosed by the record, the verdict for the defendant was not authorized, and the court erred in failing to grant a new trial.

*Judgment reversed. Stephens and Sutton, JJ., concur.*