35279.   R. K. HASKEW & COMPANY, INC. *v.* GARRISON *et al.*

DECIDED DECEMBER 2, 1954.

*Robert R. Forrester, A. L. Kelley, Jr.*, for plaintiff in error.
*R. D. Smith, John T. Ferguson,* contra.

NICHOLS, J. The plea of partial failure of consideration by reason of latent defects in the machinery fraudulently concealed by the seller, should have been stricken on demurrer, since the plea affirmatively shows that the defendants waived their right to insist upon this equitable defense against their indebtedness on the notes and sales contract. The plea shows that the defects in the machine sold were discovered in sixty days from its delivery, but that the defendants nevertheless continued to treat the contract and notes as valid and subsisting obligations by making payments thereon for three or four months afterwards. Any fraud in the procurement of the contract was thereby condoned. *Tuttle* v. *Stovall,* 134 *Ga.* 325 (67 S. E. 806, 20 Ann. Cas. 168); *King* v. *Dobbs,* 30 *Ga. App.* 441 (4) (118 S. E. 428).

Likewise, their continued use of the planer-matcher after the discovery of the defects shows a waiver of their right to maintain the plea of fraud. *Jackson Discount Co.* v. *Pitts,* 45 *Ga. App.* 608 (165 S. E. 453). Rescission of the contract is not sought in this defense; the plea affirms the contract, which provides that the property is to be returned to the seller if rejected for good and sufficient cause. Discovery of material defects fraudulently concealed is reason enough for rejection, and the provision that retention of the property after thirty days shall constitute an acceptance would not prevent the buyers from

rejecting the property as provided if the defects were discovered after the thirty-day period. *Tinsley* v. *Gullett Gin Co.*, 21 *Ga. App.* 512 (94 S. E. 892); *Beasley* v. *Huyett & Smith Mfg. Co.*, 92 *Ga.* 273 (18 S. E. 420); *Morton* v. *W. T. Tharpe & Co.*, 41 *Ga. App.* 788 (4) (154 S. E. 716). (In the last two cases cited, the buyer either gave notice of the defects or offered to return the property to the seller, as required by the contract sued on, and this was done promptly upon discovery of the defects.) But the defendant buyers in the present case, after discovering the defects neither returned nor offered to return the defective machine. Having failed to reject the planer-matcher upon discovery of its defects, the defendants must be said to have accepted it with its defects and used it, and they cannot assert thereafter that its price should be abated.

The court erred in overruling the general demurrers to the plea, and the further proceedings in the case were nugatory.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*