:No. 53.—SAMUEL L. TERRELL, plaintiff in error, *vs.* WM. B. BENNET, defendant in error.

.[1.] In an action at law for deceit, in falsely representing a third person fit to be trusted, the *scienter* is material, and must be alleged and proved. The word *fraudulently* has been held to be a sufficient substitute for the other allegation.

Case for deceit, in Stewart Superior Court. Motion for a new trial. Decided by Judge WORRELL, April Term, 1855.

Wm. B. Bennet brought an action for deceit against Samuel L. Terrell, for fraudulently representing to plaintiff that one James O. Wilkerson was solvent, and thereby inducing plaintiff to give him credit.

It appeared, on the trial, that Bennet was a stranger to Wilkerson; that Terrell represented him to be perfectly good when he was utterly insolvent; that Bennet, relying on this recommendation, hired to Wilkerson two negroes, to work in his farm; that during the year, Terrell took from Wilkerson a bill of sale, to his entire growing crop, to secure a debt due him prior to the recommendation.

The Court charged the Jury, that the plaintiff must show the recommendation—that it was false, and that Bennet acted upon it; that if a party affirms that which he knows to be false, to the loss of another, or affirms that to be true which he does not know to be so, he is responsible for damages; that it is not necessary to show that the party making the representation is to derive benefit from it; neither is it necessary that the affirmation should be the sole cause of the credit being given, provided the credit would not have been given without it; that even if the party believed it to be true, but was mistaken, it was a fraud, in law, for which he is responsible in damages.

Counsel for Terrell requested the Court to charge—

1. That if the Jury believed that Bennet approached Terrell as a friend, merely to get an opinion of the solvency of Wilkerson, and that in such a spirit, Terrell did give an opinion, without any intention to defraud Bennet, then plaintiff could not recover.

2. That in an action for deceit, it must be shown that defendant knew the representations he made were false.

3. That it must appear, by evidence, that the credit was given on the faith of the representations of Terrell.

4. That if the defendant believed the representations he made and intended to do plaintiff a favor, and with no intention of defrauding him, that the plaintiff could not recover.

These charges the Court refused to give. Defendant moved a new trial, on the ground of error in the charge given, and the refusal to charge. The Court granted the motion, on the refusal to charge the 1st and 4th requests. By consent, all the questions made in the motion, however decided by the Court below, were heard and determined in the Supreme Court.

J. M. Clark, for plaintiff in error.

Tucker & Beall, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] This case comes up rather singularly. Various requests to charge were made and refused, and sundry charges were given. To all of which the defendant excepted. A verdict having been rendered for the plaintiff, the defendant moved for a new trial on all the refusals to charge, as well as on account of all the charges as given. The Court granted a new trial on two of the grounds, over-ruling all the rest; and still, the defendant excepts, and prosecutes this writ of error. And the agreement is, that this Court shall give judgment upon the whole case, which is to control its final disposition.

It would be a useless and vain thing to undertake to go over, *seriatim,* the various specifications set forth in the record. We state the general proposition to be this : that in an action at law for deceit, in falsely representing a third person fit to be trusted, the *scienter* is material, and must be alleged and proved. The word *fraudulently* has been held to be, a sufficient substitute for the other allegation. (1 *Chitty's Pl.* 388, *and note. Willes' R.* 584.)

This is the test, then, by which the instructions submitted by the Court to the Jury, and those which were withheld, are to be tried. Fraud is the gist of the proceeding. The representation must not only be false, but it must originate in a fraudulent motive, either to injure the party who is thereby circumvented, or to benefit the one who makes the representation. And whenever this is done, and the deception is practiced successfully, whereby damages result, a right of action accrues.

We affirm the judgment of the Court below in granting the new trial, leaving it for the parties to determine, for themselves, whether they will litigate further upon the special facts of the case.