WOOTTEN & GOOLSBY, plaintiffs in error, vs. ABSALOM CALLAHAN, defendant in error.

In Deceit, it is indispensable, that the *scienter* be both alleged and proved.

Deceit, in Floyd Superior Court. Tried before Judge ————, at ——— Term, 1858.

The facts of this case are fully set out in the opinion of the Court.

ALEXANDER, for plaintiff in error.

UNDERWOOD, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

The declaration contained three counts, one, for a breach of warranty, the other two, for a deceit, in the sale of a negro; but Callahan elected to proceed on the counts for a deceit, which the Court considered, as in effect, a striking out of the count on a warranty.

Of the two counts in deceit, the first alleged, that Callahan bought, of Wootten & Goolsby, a negro woman for $800. They fraudulently representing the negro, to be sound, except a cold, when she had typhoid fever, of which, she shortly afterwards died. The second alleged, that Wootten & Gools-

by, well knowing the woman to be unsound and diseased, with fever of a dangerous and malignant nature, and concealing this from him, Callahan, sold the woman to him for $800, and that she, shortly afterwards, died of the fever.

The jury found for Callahan, $775, with interest from the 29th of January, 1853.

Wootten & Goolsby moved for a new trial, putting their motion on the following assumed grounds; 1st, that the Court erred in admitting the testimony of Davis, to vary and add to the bill of sale; 2dly, that the Court erred in refusing to compel Davis, to say for what sum he sold the negro bought from the plaintiff; 3dly, that the verdict was contrary to the evidence, and to the weight of the evidence; 4th, that the verdict was contrary to law; 5th, that the verdict was contrary to the law and the evidence; 6th, that the jury found $775 with interest from the 29th of January, 1853; 7th, that the Court erred in charging the jury, that it was immaterial, whether Wootten knew the representations to be false or not; that if he knew them to be false, it was a fraud in fact, and if he did not know them to be false, it was a fraud in law.

This motion the Court overruled, and that was excepted to.

The only ground relied upon, was the seventh and last, and that, we think, was a good ground.

In deceit, it is indispensable, that a *scienter* be both alleged and proved. *Terrell vs. Bennett,* 18 *Ga.* 404; *Mares vs. Kenyon,* 18 *Ga.* 291 ; *Chandelor vs. Lopus,* 1 *Smith's Lead. Cas.* 777.

The *judgment,* in *Bennett vs. Terrell,* (20 *Ga.* 83,) agrees with these decisions.

We think, therefore, that this was a ground sufficient to require of the Court to grant the motion.

Judgment reversed