JOHN F. WOOTEN and ISAAC N. GOOLSBY, plaintiffs in error, *vs.* ABSALOM CALAHAN, defendant in error.

1. A party who sells a negro, representing her to be sound, will not be charged with damages, unless it appear that the representations were false, within the knowledge of the party making them; or that the representations were made recklessly, with an intention to deceive the purchaser.

2. Representations that a negro is sound, if honestly made, and believed to be true by the party making them, though not true in fact, do not furnish a ground of action.

3. To sustain an action for deceit, it is indispensable that a *scienter* be both alleged and proved.

Wooten nnd Goolsby *vs.* Calahan.

Action for deceit, in Floyd Superior Court. Tried before Judge DENNIS F. HAMMOND, at the January Term, 1861.

On the 29th day of January, 1853, Wooten & Goolsby sold to Absalom Callahan a negro woman named Fanny, about twenty years old, and gave a bill of sale, warranting the title to the negro. The negro woman died in about one week after the trade. Calahan instituted an action for deceit, against Wooten & Goolsby, alleging that he paid them $775 00 for the negro woman, and that they warranted her to be sound and healthy in body, and free from disease, except a cold, of which she was then mending, all of which warranty was false; that the said Wooten & Goolsby fraudulently represented the said negro to be sound and well, except a cold, of which she was getting better, when in fact she was then sick and unsound, and then had typhoid fever, of which she shortly thereafter died.

On the trial of the case the evidence adduced showed the following facts: that the negro was sold by Wooten & Goolsby to Calahan on Saturday, and that she had been complaining of cold and a pain in her head, and had not worked for two or three days before the trade; that some days before the trade, Calahan had sent an agent to Wooten's house to examine and report upon the condition and value of the negro; that the agent found her plowing in the field; she seemed to be well, and the agent was pleased with her, and so reported to Calahan; that at the time of the trade, the negro came out, and said she was sick, and that Wooten, who is a physician, instantly remarked that there was nothing the matter with her but a cold, and she was the better of that; that the price paid for her by Callahan was $775 00; that Wooten sat down and wrote the bill of sale, and slided it along on the table, and the agent and witness of Calahan picked it up and read part of it; that Calahan did not read it, or ask for it to be read; that, in the evening, Calahan sent his son for the negro, and she was carried home, a distance of from two to two and a half miles, in an open wagon; that

the negro reached Calahan's about sun-down, and was sick when she arrived there; that she grew worse, and on next morning Dr. Saunders was sent for, but did not come until evening; that Dr. Saunders attended the negro, and was of opinion that she had fever, complicated with pneumonia; that the negro complained, and said she had been suffering with a cough, pain in the chest, and general debility, for a week or two, and had been exposed to the cold weather; that Saunders did not know how long the negro had been afflicted with pneumonia, but from the symptoms and sayings of the negro, he thought she must have had the disease for several days; that the negro died in about one week after the trade, and that Calahan was a poor man and illiterate, but can read writing a little.

Upon this testimony and the charge of the presiding Judge, as hereinafter set forth, the jury returned a verdict for $775 00, with interest from the 29th of January, 1853.

Counsel for Wooten & Goolsby then made a motion for a new trial, on the following grounds, to-wit:

1st. Because the Court erred in charging the jury "that when two persons treated on equal terms, and no representations were made by one upon which the other acted, although the property traded for should be unsound, unless it was unsound within the knowledge of the vendor, no recovery could be had in an action of deceit; but when the parties meet on unequal terms, and the vendor makes representations which are false, upon which the vendee acts, that it matters not whether the vendor knew them to be false or not, he was bound by the representations made;" and the presiding Judge illustrated by saying, "that if a machinist, in selling a piece of machinery, represents it to be of one quality, when it is of another, and an inferior quality; or if a physician should represent a slave to be sound, to a person who is no adept, then, in such case, the party making the representations is bound by them."

2d. Because the Court erred in charging the jury, "that if Wooten made representations which were false, in relation to the soundness of the negro, upon which representations

Wooten and Goolsby *vs.* Calahan.

Calahan acted, it was immaterial whether Wooten, if he was a physician or an adept, knew the representations to be false or not. If Wooten knew them to be false, it was a fraud in fact; but if he did not know them to be false, and Calahan acted upon them, he was guilty of a fraud in law, and Calahan ought to recover, if the parties did not treat on equal terms."

3d. Because the Court refused to charge the jury, when counsel for defendants requested him so to do, "that if, indeed, the representations were false, to the knowledge of the party making them, this would, in general, be conclusive evidence of fraud; but if the representations were honestly made, and believed at the time to be true by the party making them, though not true in point of fact, this does not amount to fraud in law; but that the rule of *caveat emptor* applies, and the representations themselves do not furnish a ground of action." His Honor, instead of giving such charge, remarked, " that he would charge the principle embodied in the request to be law, with the explanation and qualification before stated, and that the doctrine in the request only applied to cases where parties treated on equal terms."

4th. Because the jury found contrary to law, contrary to evidence, and contrary to the weight of the evidence.

The Court overruled the motion and refused the new trial, and that decision is the error complained of.

P. W. ALEXANDER, for plaintiff in error.

UNDERWOOD & MITCHELL, *contra*.

*By the Court.*—LYON, J., delivering the opinion.

This was an action for damages, that the plaintiff therein alleges he sustained, by reason of the deceit and misrepresentation practised by the defendants upon him, in the sale of a negro woman named Fanny, in this, that the defendants represented the negro to be sound, when she was not sound,

but was afflicted with a disease of which she subsequently died.

1. To charge one with damages resulting from representations of this character, it must appear that the representation was false to the knowledge of the party making it, or that the representation was made with an intention to deceive the purchaser by the person making the representation, he not knowing or caring whether the representation was true or false; but if the representation was honestly made and believed at the time, by the party making it, though not true in point of fact, such representation does not furnish a ground of action. Manes vs. Kenyon, 18 Ga. R., 202; Wooten & Goolsby vs. Calahan, 26 Ga. R., 367; Bennett vs. Terrell, 20th Ga. R., 86; Broom's Comm., 342 to 349.

2. Herein lies the error of the Court in the charge given and refused, that "if the defendant, Wooten, in making the representation complained of, although he was a physician, an adept, or one skilled in the subject more than the one with whom he was dealing, did not know that the same was false, nor made it with an intention to deceive and mislead the purchaser, although it might in point of fact be false, yet he is not liable for any injury resulting therefrom. The Court charged to the contrary, and this was erroneous.

The fraud and misrepresentation alleged, on which a recovery is solicited, are, that no clause of a warranty of soundness was inserted in the bill of sale, and when the negro was being exhibited to the plaintiff at the time of sale, and she complained of being sick, the defendant replied instantly, that she only had a cold, and was better of that. This, it is insisted, was false. There is no evidence that it was a part of the agreement of sale that the soundness of the negro was to be warranted. To have entitled the plaintiff to a recovery, on the ground of a misrepresentation as to the real condition of the negro, it was necessary to have shown affirmatively, that the representation that the negro only had a cold, and was better of that, was false; and that Wooten knew it to be so; or that he made it recklessly, with an intention to defraud the plaintiff. There is no evidence that

the negro, at the time of the sale, was afflicted otherwise than with a common cold; certainly none, that she was at that time laboring under a disease of as serious and dangerous character to a negro as that of pneumonia, but she was well enough to travel, in an open cart, from two to two and a half miles in the evening of the 29th of January, and that when she arrived at the place of destination she was sick, *and that night grew worse.* It did not strike young Calahan that she was so sick, before starting, as to make her exposure at the time dangerous, and *that* would have struck the dullest observer had she *then* had pneumonia. But allow that she may have had pneumonia at the time of the sale, there is no evidence that Wooten, the defendant, knew the attack was of that serious character, or that he made the statement recklessly, for the purpose of defrauding the plaintiff. On the contrary, the trade, when made, was a consummation of a negotiation commenced when the negro was unquestionably sound and well—a circumstance that goes far to repel any presumption of fraud that might arise from her subsequent and immediate illness. Great stress was placed, in the argument, on two circumstances manifested by the evidence. One is, that when the negro said she was sick, Wooten *instantly* replied, that she only had a cold, etc., and the other, that when Wooten wrote the bill of sale "*he slided it along on the table*"—that is, we suppose, he wrote the paper on the table, in presence of the purchaser and his agent, the witness, and when it was finished, pushed, or *slided* it to the agent, who had made, and who seems to have been the only active party in it, for examination. If either of the circumstances, light and trivial as they appear to us, as presented in the record, were of a suspicious nature, as pregnant circumstances of fraud, they ought to have so struck the party and his agent, or witness, at the time, and stayed the trade, and not left to be developed by the subsequent death of the negro. In every view of this case the verdict was wrong, against the law, and against the evidence.

The case was really adjudicated when it was here before, (see 26 Ga., 367,) when all the facts were out, a ver-

dict for plaintiff, and a motion for a new trial, as now. The Court had charged the jury on that trial as in this, that " it was immaterial whether Wooten knew the representation to be false or not; that if he knew them to be false, it was a fraud in fact, and if he did not know them to be false, it was a fraud in law." This Court sent the case back on that ground alone, holding, so briefly that the decision ought not to have been misunderstood, that "*in deceit, it is indispensable that a scienter be both alleged and proved.*"

Let the judgment be reversed.