### WILLIAMSON *v.* THE STATE.

HILL, J.   1. Where one ground of a motion for a new trial was that certain named jurors trying the case were not impartial and qualified, for the reason that they were biased and prejudiced, and had expressed opinions before the trial to the effect that "they were going to try the defendant and they ought to hang him," and that hanging was too good, for him, and if on the jury they would so find, the judge on the hearing of such motion is the trior of the competency of the jurors; and where the jurors attacked deny making the statements attributed to them on oath, and under the conflicting evidence the judge finds that the jurors were competent, his discretion will not be controlled, unless abused. *Hall* v. *State,* 141 *Ga.* 7 (80 S. E. 307); *Frank* v. *State,* 141 *Ga.* 247 (18), 283 (80 S. E. 1016); *Wall* v. *State,* 126 *Ga.* 550 (4), 553 (55 S. E. 484).   He did not abuse his discretion in the present case.

(*a*) Nor was it error to hold, on conflicting evidence, that the jurors had not disqualified themselves by separating during the trial, nor by talking to a witness for the State about the case pending the trial.

2. Failure to charge the jury the law with reference to the impeachment of witnesses, even where the same is applicable, in the absence of a timely written request for a charge on that subject, is not cause for a new trial.   *Robinson* v. *State,* 114 *Ga.* 445 (40 S. E. 253).

3. The evidence was sufficient to support the verdict, and none of the other assignments of error show cause for the grant of a new trial.

*Judgment affirmed.   All the Justices concur, except Fish, C. J., absent.*
MARCH 9, 1915.

Indictment for murder.   Before Judge George.   Taylor superior court.   January 5, 1915.

*Jere M. Moore* and *C. B. Marshall,* for plaintiff in error.

*Warren Grice, attorney-general, George C. Palmer, solicitor-general, C. W. Foy,* and *A. L. Henson,* contra.