### 7333.  AMERSON *v*. THE STATE.

1. Two continuances of this case having been granted to the defendant at previous terms of the court, and no subpœna having been served personally on the witness on account of whose absence the third continuance was sought, and there appearing some lack of diligence on the part of the defendant to obtain such service, or even to ascertain in advance of the trial whether service had been effected, and under the other facts disclosed by the record, it is not shown that the trial judge abused his discretion in overruling the defendant's motion for a continuance.

2. There was no error in admitting in evidence the testimony of the wife of the deceased as to a statement made by him immediately after he was shot by the defendant, as this statement was clearly a part of the res gestæ.

3. The ground assigning error upon the refusal to permit a witness named Randell Wesley to testify to certain facts is so vague and confused that it presents no question for determination by this court.

4. The court properly excluded the testimony of witness D. M. Brown, as it was hearsay and inadmissible.

5. In the state of the record it is not shown that the court erred in failing to formally put the second and third panels of jurors upon the defendant, it not affirmatively appearing that counsel for the accused gave notice *in due time* that he "waived nothing." See *Cochran* v. *State*, 62 *Ga.* 731 (1); *Vaughn* v. *State*, 88 *Ga.* 731 (16 S. E. 64). .

6. The court erred in instructing the jury that "when a witness is impeached for contradictory statements, or for general bad character, he or she may be sustained by proof of general good character, the effect of the evidence to be determined by the jury," as there was no proof of general good character of any witness who testified in the case. However, this error does not require the grant of a new trial, for it does not appear that it was prejudicial to the accused.

7. The other instructions complained of are not erroneous for any reason assigned.

8. The use of opprobrious words may or may not justify a battery, according to the nature and extent of it; and whether certain abusive words used by one person of and to another will justify an attempt by the latter to attack the former with a pocket-knife is a question for the jury, to be determined in the light of all the facts in the case. Under the evidence in this case it was not error for the court to refuse to give the following requested charge: "If you should find that the defendant used opprobrious words to the deceased, such as that deceased was 'a damn liar,' then the use of such language by the defendant to the deceased would not authorize and justify the deceased in attempting to attack the defendant with a pocket-knife."

9. The other request to charge was fully covered by instructions given.

10. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

DECIDED MAY 26, 1916.

Indictment for murder—conviction of manslaughter; from Washington superior court—Judge Hardeman. January 26, 1916.

*Hines & Jordan, A. R. Wright, B. T. Rawlings,* for plaintiff in error.

*R. Lee Moore, solicitor-general, Evans & Evans,* contra.

BROYLES, J. Two continuances of this case had been granted to the defendant at previous terms of the court. A third continuance was moved for on account of the absence of a witness whose possible testimony the defendant discovered in July, 1915. The de-

fendant applied to the clerk of the court for a subpœna on August 19 thereafter, which he directed the clerk to deliver to the sheriff for service. On September 6 the motion for a continuance was made, and the defendant then testified that he had seen the witness two or three weeks before, but it does not appear that he made any inquiry at that time whether the witness had received the subpœna, nor did he make any personal effort to serve the witness or further effort to have him served, or any inquiry of the sheriff or other officers as to whether service had been effected or not. On August 30 the clerk issued a second subpœna on his own motion, and this was left by a deputy sheriff at the home of the witness, but no personal service of any subpœna was effected upon him. The defendant was at large under bond, and a greater degree of diligence on his part was required than if he had been incarcerated and unable personally to prepare his case for trial. See *Watts v. State,* 14 *Ga. App.* 600, 602 (81 S. E. 902). Motions for continuance made subsequently to the term at which the indictment is found stand upon a different footing from such motions made at the first term. *Haines v. State,* 8 *Ga. App.* 627 (70 S. E. 84) ; *Patten v. State,* 10 *Ga. App.* 20 (72 S. E. 521). Under these facts it does not appear that *full* diligence to procure the absent witness was exercised; and for this reason, as well as on account of the other facts disclosed by the record, the trial judge did not abuse his discretion in refusing the continuance. See *Cruce v. State,* 99 *Ga.* 84 (1) ; *Nail v. State,* 142 *Ga.* 595 (83 S. E. 226).

The other headnotes do not require elaboration.

*Judgment affirmed. Russell, C. J., dissents.*