8830.  Mills v. Pope.

George, J.  1. On the trial of a claim to personalty the court charged the jury as follows:  "When a promissory note for the purchase-money of personal property, which contains a reservation of title to the property in the payee until the note is paid, is by the payee transferred for value to a third person without recourse, the title reserved for securing the payment of the debt is divested; and if at the time of such transfer the title so held is not likewise transferred to the purchaser of the note as a security in his hands, it vests in the maker, and the transferee becomes an ordinary creditor of such maker."  Held, that the charge was authorized by the evidence, and the plaintiff in fi. fa. was entitled to the instruction given.  The charge is a correct statement of the law. Burch v. Pedigo, 113 Ga. 1157 (39 S. E. 493, 54 L. R. A. 808) ; Swann-Davis Co. v. Stanton, 7 Ga. App. 669 (67 S. E. 888).

2. After a charge covering the impeachment of witnesses by proof of general bad character, the court added:  "The witness may be sustained by similar proof of character."  The exception is that this additional charge is unauthorized by the evidence, since no proof was offered tending to sustain the good character of the witness attacked.  Held, that the charge excepted to was not error requiring the grant of a new trial.

3. The remaining assignment of error complains of the failure of the court to define the preponderance of evidence.  The court instructed the jury as follows:  "A preponderance of evidence does not necessarily lie with the number of witnesses, but is the greater weight of the evidence."  This is a correct statement of the law, and the charge given is not erroneous because the court failed to add that, in determining where the

preponderance of evidence lies in the case, the jury may take into consideration the number of witnesses. There was no request for a specific instruction to this effect.

4. The general grounds of the motion for a new trial are not argued, but, upon a review of the record, it appears that the verdict finding the property subject is not without evidence to support it. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*
Decided September 13, 1917.

Levy and claim; from Newton superior court—Judge Smith. April 10, 1917.

*King & Johnson,* for plaintiff in error. *Rogers & Knox,* contra.