### 10265. SCARBORO *v.* THE STATE.

1. No intimation of opinion that the defendant's witnesses had sworn falsely was contained in the instruction that every witness is presumed to try to tell the truth.

2. The instruction as to impeachment of witnesses by proof of general bad character, which was complained of on the ground that there was no such proof, was not such error as would require a reversal of the judgment.

3. A ground of the motion for a new trial which complains of the admission of evidence but fails to show that objection was made at the trial will not be considered.

(a) A direct exception on the same ground in a bill of exceptions tendered after the expiration of the prescribed time will not be considered, in the absence of exceptions pendente lite.

4. The instructions complained of were not error when considered with the remainder of the charge of the court.

6, 8. Failure to give instructions not requested, on the weight to be given

evidence of good character, or on the law of confessions, is not cause for a new trial.

7. Failure to charge on circumstantial evidence, where a conviction is not wholly dependent on such evidence, is not cause for a new trial.

5, 9. The venue of the crime was sufficiently shown, and the evidence authorized the verdict.

DECIDED JUNE 14, 1919.

Indictment for possession of liquor; from city court of Greensboro—Judge Brown. November 18, 1918.

*John B. Gamble,* for plaintiff in error.

*Doyle Campbell, solicitor-general, Miles W. Lewis, solicitor,* contra.

BLOODWORTH, J. 1. The instruction by the court that "every witness is presumed to *try* to tell the truth" is not subject to the exception that it was an intimation of opinion that "the defendant's witnesses had sworn falsely."

2. The jury were charged that "a witness may be impeached in one of three ways: by disproving the facts testified to by him; by contradictory statements previously made by him as to matters relevant to his testimony and to the case, or by proof of general bad character." This is alleged to be error and prejudicial to the accused because "there was no evidence submitted tending to impeach any of the witnesses testifying in said case, either for the State or the defendant, by proof of general bad character." A similar complaint was made in *Southern Railway Co.* v. *O'Bryan,* 119 *Ga.* 150 (2) (45 S. E. 1001), and in that case the Supreme Court said: "It is improper for the judge to charge on the subject of impeachment by proof of general bad character, unless some attempt has been made to thus impeach a witness. Such an error, however, would not generally be a sufficient reason for the reversal of a judgment." There is nothing in the instant case that takes it out of the general rule. See *Mills* v. *Pope,* 20 *Ga. App.* 820 (2) (93 S. E. 559); *Amerson* v. *State,* 18 *Ga. App.* 177 (6) (88 S. E. 998). The cases cited on this point in the brief of counsel for plaintiff in error are easily differentiated from this case, and in those cases there is nothing decided in conflict with the present ruling.

3. "All evidence is admitted as of course, unless a valid ground of objection is interposed, the burden being on the objecting party to state at the time some specific reason why it should not be admitted. A failure to make such objection will be treated as a

waiver, and prevent the court, on a motion for a new trial, from inquiring as to the competency of the evidence." *Andrews* v. *State,* 118 *Ga.* 1 (43 S. E. 852). "It is a well-established rule of practice that a ground of a motion for new trial based upon the admission of evidence should state the objection made to the evidence, and that such objection was urged at the time the objection was made; otherwise no question is raised for determination. *Hill* v. *Chastain,* 138 *Ga.* 750 (75 S. E. 1130); *Dunn* v. *Evans,* 139 *Ga.* 741 (3), 742 (78 S. E. 122); *Chambers* v. *State,* 141 *Ga.* 652 (81 S. E. 880); *G. & F. Ry. Co.* v. *Stapleton,* 143 *Ga.* 46 (84 S. E. 120)." *City of Rome* v. *McWilliams,* 145 *Ga.* 191 (2) (88 S. E. 931). As-ground 9 of the motion for a new trial fails to show that at the trial objection was made to the admission of the evidence complained of therein, under the decision cited no question is raised for determination by this court. See also *National Council* v. *Van Giesen,* 20 *Ga. App.* 211 (2) (92 S. E. 1022).

(*a*) The same alleged error is complained of in the bill of exceptions, but the exception there taken in regard to it can not be considered, as the bill of exceptions was not tendered within twenty days from the ruling of which complaint is made, and there are no exceptions pendente lite. *Gaines* v. *State,* 108 *Ga.* 772 (33 S. E. 632); *Banks* v. *State,* 114 *Ga.* 115 (39 S. E. 947); *Rego-poulas* v. *State,* 115 *Ga.* 232 (41 S. E. 619); *Wheeler* v. *State,* 4 *Ga. App.* 325 (6) (61 S. E. 409).

4. When considered in connection with the remainder of the charge of the court and in the light of the evidence, there is no error in any of the excerpts from the charge embodied in other grounds of the motion for new trial.

5. The venue of the crime was shown by the evidence.

6. "In the absence of a written request, the court did not err in failing to charge on the weight to be given to evidence of good character." *McLendon* v. *State,* 7 *Ga. App.* 687 (2) (67 S. E. 846); *Mills* v. *State,* 17 *Ga. App.* 116 (86 S. E. 280); *Ellison* v. *State,* 137 *Ga.* 193 (7) (73 S. E. 255).

7. "The case was not one depending wholly upon circumstantial evidence, and it furnished no ground for a new trial that the court failed to charge the law touching such evidence. *Cliett* v. *State,* 132 *Ga.* 36 (63 S. E. 626). See also *Hicks* v. *State,* 146 *Ga.* 221 (4) (91 S. E. 57); *Smith* v. *State,* 11 *Ga. App.* 89 (10) (74 S. E.

711); *Fuller* v. *State*, 10 *Ga. App.* 34 (2) (72 S. E. 515)."
*Conley* v. *State*, 21 *Ga. App.* 135 (4) (94 S. E. 261).

8. "Though the evidence authorized a charge to the jury on the law of confessions, failure to instruct them on that subject, in the absence of an appropriate written request that they be so instructed, is not cause for a new trial." *Cook* v. *State*, 9 *Ga. App.* 208 (2) (70 S. E. 1019). "In the absence of a special request so to do, the court is not bound to charge Penal Code § 1005, as to the weight to be given confessions. *Malone* v. *State*, 77 *Ga.* 768 (5); *Sellers* v. *State*, 99 *Ga.* 212 [25 S. E. 178]." *Walker* v. *State*, 118 *Ga.* 34 (3) (44 S. E. 850). The principle announced in these cases disposes of the ground complaining of the failure of the judge to charge the jury upon the subject of "confessions and admissions."

9. There was evidence to support the finding of the jury.
*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*