## 12806. JENKINS *v.* THE STATE.

Alleged newly discovered evidence that the gun used by the accused at the time of the alleged assault (and which he had previously shot a number of times on the same day) was " easy on trigger, and liable to fire with slight pressure on the trigger," did not require a new trial.

Failure to charge the jury, without written request, as to the weight to be given to evidence of good character of the accused, is not cause for a new trial.

DECIDED NOVEMBER 17, 1921.

Indictment for assault with intent to murder; from Fulton superior court — Judge Humphries. July 2, 1921.

*T. G. Lewis, H. A. Allen,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

BLOODWORTH, J. 1. The first ground of the amendment to the motion for a new trial is based upon newly discovered evi-

dence. An affidavit is made that the gun used by the accused at the time of the alleged assault was " what is known as ' easy on trigger ' and liable to fire with slight pressure on the trigger." This fact will not now avail the plaintiff in error, because : (a) The evidence shows that he had been using the gun and had shot it a number of times on the day of the alleged assault, and necessarily knew, if such was really true, that the gun was " easy on the trigger. " (b) The defense was not " bottomed " upon the idea that the gun was " easy on the trigger, " and the defendant made no such claim in his statement.

2. The second ground of the amendment to the motion for a new trial complains that the judge erred in failing to charge on the good character of the defendant. It is true that a number of witnesses testified as to his good character, but there was no request for a charge on this subject. " In the absence of a written request the court did not err in failing to charge on the weight to be given to evidence of good character. " *Scarboro* v. *State, 24 Ga. App.* 29 (6) (99 S. E. 637).

3. No error of law was committed on the trial, the jury were convinced of the guilt of the accused, the trial judge approved their finding, and this court will allow it to stand.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*