## 12868. NOBLES *v.* THE STATE.

A jury of twelve was not waived by the defendant, notice having been given by him at the beginning of his trial in the city court that he waived nothing except arraignment. His conviction by eight jurors was therefore illegal, and the court erred in overruling his motion for a new trial.

DECIDED NOVEMBER 17, 1921.

Accusation of misdemeanor; from city court of Dublin — Judge Sturgis. July 30, 1921.

One of the grounds of the motion for a new trial is as follows: "Movant contends that he is entitled to a new trial for the reason that in the beginning of his trial he put the State on notice that he waived no rights guaranteed him under the laws of the State of Georgia and the constitution of the State and of the United States, except arraignment; but, notwithstanding this, movant, defendant in trial, was tried before a jury of only eight citizens; that defendant, on being furnished with a list of the jury as re-

quired by law, consisting of sixteen jurors, struck, under his right of peremptory strikes, three names, thereby leaving, as far as the defendant was concerned, twelve jurors, or a sufficient number of jurors in said list of sixteen to have given him his right to be tried before twelve jurors of his county, as guaranteed to him under the constitution of Georgia. Movant contends that he did not waive his right to be tried before this number of jurors, in any way, either expressly or impliedly; that he put the State expressly on notice that he waived nothing except arraignment, that in striking the jury he struck three names instead of five, and only eight of the jurors left were called to serve as jurors, the defendant only striking three jurors as alleged above. The State struck ten [?] jurors and the defense three, and the first eight were called."

In the brief of counsel for the State it is contended that the defendant's failure to demand a jury of twelve or to object to being tried with a smaller number constituted a waiver of such a jury, under the act of 1904 as to the city court of Dublin (Ga. L. 1904, p. 143), which provides as follows: "Sixteen jurors . . shall be impaneled, and in all cases, civil or criminal, trial by a jury of twelve shall be had in said court when so demanded, but a trial by a jury of twelve may be waived, and in that event the jury shall be selected as follows: In civil cases each side shall have four strikes, and in criminal cases the defendant shall have five strikes and the State three strikes; eight shall thus constitute a jury. . . If . . the defendant in a criminal case declines to waive trial by a jury of twelve, . . the defendant shall be allowed three strikes and the State one strike from said panel." Counsel cited also: 80 *Ga.* 4; 86 *Ga.* 266; 81 *Ga.* 615 (4); 115 *Ga.* 212 (1), 214; 9 *Ga. App.* 553.

*George B. Davis, W. A. Dampier,* for plaintiff in error.

*William Brunson, solicitor,* contra.

LUKE, J. 1. The defendant in this case was arraigned upon an accusation in the city court of Dublin, charging him with a violation of the prohibition statute. In due time the defendant stated that he "waived nothing." A full panel of jurors was not put upon him to strike from, and his case was tried before eight jurors, instead of twelve. His assignment of error is upon the ground that he was entitled to a full panel of jurors, and that therefore

his conviction by eight jurors was illegal. We agree with the contention of the defendant; and it was error for this reason to overrule his motion for a new trial. *Amerson* v. *State*, 18 *Ga. App.* 177 (5) (88 S. E. 998), and cases cited.

2. It is unnecessary to deal with the other assignment of error.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*