*C. H. Porter,* contra.

---

15490.    ALEXANDER *v.* THE STATE.

BLOODWORTH, J.   1. The charge of the court on alibi, when considered in connection with the remainder of the charge and in the light of all the evidence, contains no error that requires a reversal of the judgment.

2. The charge on reasonable doubt is complained of in the 4th and 5th special grounds of the motion for a new trial, the movant separating a paragraph of the charge and complaining of the disconnected portions thereof.  The charge in its connected form as given on this subject is as follows: "A reasonable doubt is such a doubt as an honest juror would entertain or does entertain in his search after the truth, from the evidence produced to you in connection with the defendant's statement. A reasonable doubt may arise from the evidence, a want of evidence, a conflict in the evidence, or it may be engendered by the defendant's statement." Under this charge a reasonable doubt could arise from the evidence and the defendant's statement considered together, or from either considered alone.  The judge in another portion of his charge instructed the jury that "the witness's credibility is left entirely for you to determine." There is no merit in these grounds of the motion.

3. The instruction that an impeached witness "may be sustained by proof of general good character, the effect of the evidence to be determined by the jury," was alleged to be reversible error, for the reason that there was no evidence as to the general good character of any witness sought to be impeached.  This contention is answered adversely to the movant by the decision in the case of *Mills* v. *Pope,* 20 *Ga. App.* 820 (2) (93 S. E. 559).  See also *Scarboro* v. *State,* 24 *Ga. App.* 27 (2), 28 (99 S. E. 637), and cases cited.  The opinion in *Hart* v. *State,* 93 *Ga.* 160 (20 S. E. 39), is based on the particular facts of that case, and does not conflict with the ruling here made.

4. It is insisted that in the charge on impeachment the court should have instructed the jury "that the testimony of an impeached witness should be entirely disregarded by the jury unless the same is corroborated by other credible testimony or by the facts and circumstances of the case."

The court did charge: "If you believe a witness has been impeached, it would be your duty to disregard the testimony of the witness so impeached, . . and the witness's credibility is.left entirely for you to determine." This meets the requirements of the law in this respect.

5. The charge complained of in the 8th special ground does not require a reversal on the ground that it intimates an opinion as to the guilt of the accused.

6. An instruction not volunteered but given in response to a request of the jury was as follows: "Now your further inquiry is as to whether or not the jury would be permitted to recommend mercy. The court charges you that you would have a right to put that in your verdict, and it would not void the verdict, but it isn't binding on the court, and the court may disregard it if it wishes." Such charge does not vitiate the verdict, and is not ground for a reversal. See *Wall* v. *State*, 69 *Ga.* 766 (3).

7. Complaint is made that one of the jurors who tried the case was disqualified because of prejudice against the accused. The juror had qualified on the voir dire. On the hearing of the motion for a new trial the State made a counter-showing, and on this showing the juror swore that the statement attributed to him in the affidavit of one of the witnesses for the defendant was "literally and absolutely false," and that the affidavit of the other witness for the defendant was not "true as stated." The juror further swore: "that when the case of the State *v.* J. F. Alexander was called, he did not know J. F. Alexander and knew nothing about his case; . . that he went into said trial as a juror with no opinion formed or expressed as to the guilt or innocence of the defendant from having heard any of the evidence, or having seen any of the occurrences connected with the assault and battery, and that he had absolutely no prejudice or bias resting on his mind either for or against the defendant, and that his mind was perfectly impartial between the State and the accused, and that he was determined to reach a verdict in the case from the evidence in the case, and that the verdict he reached and assented to was based absolutely upon the evidence, the prisoner's statement, and the charge of the court." The integrity of the juror was amply sustained by accompanying affidavits. The judge did not err in overruling these grounds of the motion. "The judge on the hearing of such motion is the trior of the competency of the jurors; and where the jurors attacked deny making the statements attributed to them on oath, and under the conflicting evidence the judge finds that the jurors were competent, his discretion will not be controlled unless abused." *Williamson* v. *State*, 143 *Ga.* 267 (84 S. E. 584), and cases cited. See also *Mitchum* v. *State*, 11 *Ga.* 615 (9).

8. There was evidence to authorize the verdict.

Judgment affirmed. <i>Broyles, C. J., and Luke, J., concur.</i>

DECIDED JULY 15, 1924. REHEARING DENIED AUGUST 8, 1924.

Accusation of assault and battery;.from city court of Macon— Judge Johnson presiding. February 23, 1924.

*W. A. McClellan, John P. Ross,* for plaintiff in error.

*Roy W. Moore, solicitor,* contra.