### 16292. SEALS v. THE STATE.

BLOODWORTH, J. 1. The judge instructed the jury as follows: "To this indictment the defendant, A. J. Seals, pleads not guilty, and that makes the issue which you are called upon to try. The defendant enters upon the trial of this case with the presumption of innocence in his favor, and that presumption goes with him throughout the trial and until and unless his guilt be established beyond a reasonable doubt." This is a correct statement of the law, and there was no request for fuller instructions. This court (citing a number of cases to support the proposition) held in *Conley* v. *State*, 21 *Ga. App.* 134 (1) (94 S. E. 261), that "a correct statement of law embraced in a charge to the jury is not erroneous because the court failed in the same connection to give to the jury other appropriate instructions." Moreover, the charge of the court on reasonable doubt, in connection with the excerpt quoted, sufficiently informed the jury that the burden was upon the State to prove the guilt of the defendant. *Finch* v. *State*, 24 *Ga. App.* 339 (2) (100 S. E. 793); *Pullen* v. *State*, 30 *Ga. App.* 24 (2), 27 (2) (116 S. E. 871); *Thomas* v. *State*, 129 *Ga.* 419 (4) (59 S. E. 246). This ruling disposes of grounds 1 and 3 of the amendment to the motion for a new trial.

2. The court charged the jury as follows: "You will notice from that definition that it makes no difference what person is restrained of their liberty. It would be equally false imprisonment whether Mrs. Brown is a good woman or a bad woman, a rich woman or a poor woman, an old woman or a young woman. Every person, regardless of character, sex, wealth, condition, or anything else, is entitled to their personal liberty; and if illegally restrained of that liberty, then there is a violation of the law of Georgia." This portion of the charge is excepted to as being "argumentative," "unauthorized by the law and the evidence in the case," and as amounting to "an instructed verdict of guilty," and to "an expression of opinion of the trial judge that the defendant is guilty." This excerpt is not subject to any of these criticisms.

3. It is urged that the charge to the jury embodied in special ground 4 of the motion for a new trial is argumentative. We can not agree with this contention. In this charge the judge does not undertake to state the contention of the State or to give a summary of the evidence for the State, and it is certainly not an argument tending to influence the jury to form a conclusion adverse to the defendant independently of the evidence. This portion of the charge was simply an effort on the part of the judge to make clear to the jury what constituted the offense of false imprisonment.

4. The charge given relative to good character was not "erroneous because it failed to state that evidence of good character alone might be sufficient to generate in the minds of the jury a reasonable doubt." *Hill* v. *State*, 18 *Ga. App.* 259 (1 b) (89 S. E. 351).

5. "It furnishes no ground for reversal that the presiding judge failed to charge the jury that they were judges of the law and the facts." *Bivings* v. *State*, 29 *Ga. App.* 49 (3) (113 S. E. 57); *Brown* v. *State*, 150 *Ga.* 756 (4) (105 S. E. 289).

6. Complaint is made that one of the jurors who tried the case was disqualified because of prejudice against the accused. On the hearing of the motion for a new trial the State made a counter-showing, and on this showing the juror swore that the statement attributed to him was not true, that he did not make the statement attributed to him, and he further swore that at the time he entered upon the trial of the case there was neither prejudice nor bias resting on his mind against the accused. The court did not err in overruling this ground of the motion. *Williamson* v. *State,* 143 *Ga.* 267 (1) (84 S. E. 584), and citations.

7. When considered in connection with the remainder of the charge of the court, the excerpt embraced in ground 8 of the motion for a new trial is not erroneous.

8. Complaint is made that the court charged the jury as follows: "It must also appear it [the detention] was done by legal authority. It is on the person to show you his warrant and authority." In another ground it is complained that the court charged: "An officer has no more right than any other man if he has no warrant for the arrest of a person unless the crime be committed in his presence." In the charge of the court the instruction in the first of these excerpts immediately preceded the second. The first was alleged to be error because "it contained an incorrect statement of law," and in effect put upon the defendant the burden of showing that he was not guilty of false imprisonment; and the second because "said charge placed the defendant, admittedly a peace officer, in the same category with a private citizen as regards the right to arrest, giving him no more authority than that of a private citizen; whereas under the law an officer may arrest without a warrant if the offense is committed in his presence or the offender endeavoring to escape, or for other cause that [there?] is likely to be a failure of justice for want of an officer to issue a warrant." There is no insistence that the accused was "endeavoring to escape," or that there was "likely to be a failure of justice for want of an officer to issue a warrant" (Penal Code of 1910, § 917); and the failure to charge as to this portion of the statute could not have been harmful to the accused. While the sentence, "It is on the person to show you his warrant and authority," left this portion of the charge somewhat "involved," yet when it is read in connection with the entire charge and the facts of the case, the jury could not have been misled by it.

9. The verdict is not without evidence to support it.

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 21, 1925.   REHEARING DENIED MAY 14, 1925.

Indictment for false imprisonment; from Houston superior court —Judge Malcolm D. Jones.   January 10, 1925.

To the instruction set out in the first paragraph of the decision the defendant excepted as follows: "The court should have charged the jury, in connection with the above charge, that the burden of proof was upon the State to prove each and every material allega-

tion in the indictment beyond a reasonable doubt. This charge is error for the further reason that the trial judge should have charged the jury that the burden of proof in every criminal case was upon the State, and if the State failed to establish the defendant's guilt beyond a reasonable doubt, it would be their duty to acquit the defendant. Movant contends that nowhere in the court's charge did he charge that the burden of proof was upon the State."

*W. A. McClellan, W. O. Cooper Jr., J. W. Bloodworth,* for plaintiff in error.

*Charles H. Garrett,* solicitor-general, contra.