16431.   YATESVILLE PLANING MILL COMPANY *v.*
JOHNSON.

On the trial of an action of trover for certain boards, where it was claimed
in the testimony for the plaintiff that the plaintiff bought from the de-
fendant the timber from which the boards were cut, and the plaintiff
offered to pay to the defendant a stated sum as a balance due on the
purchase-money, but no formal tender of the money was made or
pleaded, and the defendant denied that he had sold the timber to the
plaintiff, and did not claim that anything was due him on it, the court
did not err in omitting to charge the jury, as orally requested by the
plaintiff's counsel, that if they should find for the plaintiff, their
verdict should be for the highest proved value of the lumber, less the
balance of the purchase-money due the defendant.

Newly discovered cumulative and impeaching evidence did not require a
new trial.

It is not cause for a new trial that the court did not charge the jury as
to impeachment of witnesses, there being no timely written request for
a charge on that subject.

DECIDED OCTOBER 6, 1925.

Trover; from Monroe superior court—W. M. Clark, judge pro
hac vice.   April 1, 1925.

*John B. McDonald, Willingham & Willingham,* for plaintiff.

*C. L. Redman,* for defendant.

LUKE, J.   The plaintiff, a partnership, sued in bail-trover
for the highest proved value of 300,000 feet of boards, claimed to
have been manufactured from timber purchased from the defend-
ant.   The defendant replevied the property, and denied that he
had sold the timber to the plaintiff, or that the plaintiff had title
to it.   The plaintiff's evidence tended to sustain its contention,
while the evidence of the defendant flatly denied a sale to the
plaintiff.   From the plaintiff's evidence it developed that the plain-
tiff had purchased from the defendant "all the timber defendant
had remaining standing on his place, with the exception of 100,000
feet that he wanted to reserve;" that the plaintiff "was to pay for
the remaining timber at the rate of $2 stumpage whenever defend-
ant demanded it;" that $200 was paid down on the purchase-
price; that the plaintiff hired a third person to saw the timber,
and contracted with the defendant to deliver it on board cars; that
the defendant did not deliver it, and that a portion of the purchase-
price had not been paid.   At the trial, in the presence of the jury
and in open court, the plaintiff's counsel, in his argument to the

jury, admitted that there was a balance due on the purchase-price of the timber, stated that he stood ready to pay such balance upon delivery of the timber, offered to pay the defendant that amount, and requested the court to instruct the jury that in the event they found for the plaintiff, their verdict should be for the highest proved value of the lumber, less the balance of the purchase-money due defendant, at the rate of $2 per thousand feet of lumber. No formal tender was made or pleaded, no written request to charge was submitted, and the defendant did not claim that any purchase-money was due him.

1. The court did not err in failing to charge as orally requested by counsel for the plaintiff. In this connection see *Malcolm* v. *Dobbs,* 127 *Ga.* 487 (4) (56 S. E. 622).

2. "The alleged newly discovered evidence was cumulative and impeaching in its character, and the court did not err in overruling the special ground of the motion for new trial based thereon." *Camp* v. *Bagwell,* 23 *Ga. App.* 690 (2) (99 S. E. 234); *Pool* v. *Duckworth,* 148 *Ga.* 180 (96 S. E. 179).

3. "Failure to charge the jury the law with reference to the impeachment of witnesses, even when the same is applicable, in the absence of a timely written request for a charge on that subject, is not cause for a new trial." *Williamson* v. *State,* 143 *Ga.* 267 (2) (84 S. E. 584).

4. The other special grounds of the motion for new trial are without merit, and further reference to them is unnecessary.

5. There was evidence to sustain the verdict for the defendant, and the court did not commit error in overruling the general grounds of the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*