### 20879.  BYRD *v.* GRACE.

BELL, J.  1. Questions of diligence and negligence, including contributory negligence, lie peculiarly within the province of the jury, and the courts will decline to solve them as a matter of law except in plain and indisputable cases.  In the exercise of this function the jury is the proper tribunal to determine also the question of proximate cause and to ascertain what negligence, as well as whose negligence, should be said to have produced an injury the cause of which is a subject of controversy upon such grounds.  In the instant suit for damages for injuries sustained by the plaintiff in a collision between an automobile operated by the defendant and one driven by the plaintiff's brother, with whom she was riding, the evidence authorized the verdict found for the defendant, and therefore this court can not say that the trial judge erred in refusing a new trial on the general grounds of the plaintiff's motion therefor.  *Reed* v. *Southern Railway Co.,* 37 *Ga. App.* 550 (4) (140 S. E. 921), and cit.

2. A charge that "when witnesses appear and testify, they are presumed to speak the truth, and the jury should believe them unless they are impeached in some mode known to the law, or otherwise discredited in the judgment of the jury," was not subject to exception upon the ground that it expressed an opinion that some of the witnesses had been impeached, nor because the court did not go further and instruct the jury in what manner witnesses may be impeached.  *Peeples* v. *Rudulph,* 153 *Ga.* 17 (2) (111 S. E. 548); *Cole* v. *Byrd,* 83 *Ga.* 207 (3) (9 S. E. 613); *Yatesville Planing Mill Co.* v. *Johnson,* 34 *Ga. App.* 576, 577 (3) (129 S. E. 905).

3. It was not reversible error that the trial judge, in charging the jury as to the various matters which they might consider in determining as to the credibility of the witnesses, failed to state that the jury might consider, among other things, the personal credibility of the witnesses so far as the same legitimately appeared from the trial; there being no request for such a charge.  *Palmer-Murphy Co.* v. *Barnett,* 32 *Ga. App.* 635 (6) (124 S. E. 538); *Southern Bell Tel. Co.* v. *Shamos,* 12 *Ga. App.* 463 (6) (77 S. E. 312); *Mills* v. *Pope,* 20 *Ga. App.* 820 (3) (93 S. E. 559); *George* v. *McCurdy,* 42 *Ga. App.* 614 (2) (157 S. E. 219); Civil Code (1910), § 5732.  The charge in the present case was materially

256

different from those involved in such cases as *Louisville & Nashville R. Co.* v. *Rogers*, 136 *Ga.* 674 (3) (71 S. E. 1102).

4. An instruction, that for the negligence of one person to be imputable to another the one to whom the negligence is imputed must stand toward the other in the relation of principal and agent, was not erroneous upon the ground that it did not also inform the jury as to what facts and circumstances would constitute this relation. *Smith* v. *Brinson*, 145 *Ga.* 406 (4) (89 S. E. 363). Moreover, the trial judge certifies that it was agreed by counsel in open court that any negligence on the part of the driver of the automobile in which the plaintiff was riding was imputable to her.

5. The charge upon the subject of nominal damages could not have been harmful to the plaintiff, since the jury did not award even nominal damages, but found that the plaintiff was not entitled to recover at all. *Howard* v. *Georgia Power Co.*, 35 *Ga. App.* 273 (8) (133 S. E. 57), and cases cited.

6. It is not cause for a new trial that the judge, while explaining in his charge the respective functions of the judge and the jury, stated that the law holds the judge responsible for giving correct instructions, and if he fails to do so, litigants are afforded a remedy by which his error may be corrected. *Brown* v. *Atlanta*, 66 *Ga.* 71 (3); *Thornton* v. *Lane*, 11 *Ga.* 459 (20).

7. The following charge, "And if the defendant operated his automobile with such care as an ordinarily cautious, prudent person would use under like circumstances, having due regard for the use of the highway at the time by others, he being bound to know that people were likely to travel upon the same, and using reasonable and ordinary care under all the circumstances, then there could be no recovery by the plaintiff," contained no expression of opinion by the trial judge as to what had been proved. By the use of the word "if" the judge plainly left it to the jury to say whether the defendant, in the operation of his automobile, had due regard for the use of the highway by others and used reasonable and ordinary care under all the circumstances.

8. A motion for a new trial is not the proper remedy for reviewing alleged errors in ruling upon the sufficiency or insufficiency of pleadings; as in overruling a motion to strike a portion of the defendant's answer. *Eldorado Jewelry Co.* v. *Hitchcock*, 136 *Ga.* 22 (70 S. E. 658).

9. "Where a judge gives in charge to the jury the general principles of law applicable to an issue in the case, a party who desires more specific and concrete instructions as to one of his contentions should make the request therefor in writing." *Charleston &c. Ry. Co.* v. *Duckworth*, 7 *Ga. App.* 350 (3) (66 S. E. 1018); *Wisenbaker* v. *Arnett*, 23 *Ga. App.* 51 (97 S. E. 452). This rule is applicable to each and every assignment of error upon the mere failure to give additional and more specific instructions in the instant case.

10. If the trial resulted in a verdict that was unjust to the plaintiff, as contended, this court is powerless to interfere, since the credibility of the witnesses was a matter for the jury, and since the evidence au-

thorized the verdict and no error of law appears. The court did not err in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 20, 1931.

*Herbert W. Wilson, Harry M. Wilson, W. G. Thomas,* for plaintiff.

*D. M. Clark, Gibbs & Turner,* for defendant.