## 33956. ADERHOLD v. ZIMMER.

DECIDED MAY 22, 1952.

P. Q. Bryan, Emory M. Hiers, for plaintiff in error.

Whelchel & Whelchel, contra.

SUTTON, C. J. ■ "Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action. Mere concealment of such a fact, unless done in such a manner as to deceive and mislead, will not support an action. In all cases of deceit, knowledge of the falsehood constitutes an essential element. A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood." Code, § 105-302. An independent action in tort for deceit must be grounded on actual fraud, and the essential allegations of such an action are as follows: (1) that the defendant made the representations; (2) that he knew at the time the representations were false (or what the law regards as the equivalent of knowledge); (3) that he made them with the intention to benefit himself or to deceive and injure the plaintiff; (4) that the plaintiff acted upon the faith of the representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of the false representations having been made. Norris v. Hart, 74 Ga. App. 444 (40 S. E. 2d, 96); Brown v. Ragsdale Motor Co., 65 Ga. App. 727 (16 S. E. 2d, 176); Young v. Hall, 4 Ga. 95. The petition alleges that the defendant, intending to deceive the plaintiff, falsely represented that the car to be sold to the plaintiff was a 1949 model, and that the plaintiff relied upon such misrepresentation by purchasing the automobile in question which was worth $350 less than a 1949 model, as it was represented to be. The allegations of scienter, construed against the pleader, are that the defendant should have known by virtue of his position as a Hudson dealer that the automobile sold was a 1948 rather than a 1949 model; and that the defendant knew that the market value of a 1948 model was less than that of a 1949 model, and knew that the plaintiff did not know that the automobile was not a 1949 model. While it is not alleged that the defendant actually knew that the car was a 1948 model, the alleged fact that the defendant deceived the plaintiff to get rid of the older model car after the new models had already appeared on the market, in connection with the other allegations concerning the defend-

ant's knowledge, shows that moral guilt and not mere negligence was involved. See *Wooten* v. *Calahan*, 32 *Ga.* 382, 386; *Penn Mutual Life Ins. Co.* v. *Taggart*, 38 *Ga. App.* 509, 511 (1 b) (144 S. E. 400), and cases cited.

The petition therefore set out a cause of action for fraud and deceit, and was not an action for breach of contract, as contended by the defendant. "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages . . to deter the wrongdoer from repeating the trespass." Code, § 105-2002. As the case involved fraud, it was a question for the jury as to whether the aggravating circumstances of the tort warranted a verdict for additional exemplary damages, and the trial judge did not err in overruling either the general or special demurrers to the petition.

■ After charging the jury that a witness may be impeached by evidence of contradictory statements, the trial judge stated: "He may be corroborated or he may be sustained by proof of good character or by other facts and circumstances in the case." The defendant contends, in ground 4 of his motion for a new trial, that this charge was error for the reasons that there was no attempt to prove the character, good or bad, of any witness in the case, and that it led the jury to believe that character was in issue. That part of this statement, that "he may be sustained by proof of good character," was inapplicable here, but it does not appear that this was in any way harmful to the defendant, and this ground of the motion shows no reversible error. See, in this connection, *Mills* v. *Pope*, 20 *Ga. App.* 820 (2) (93 S. E. 559) ; *Alexander* v. *State*, 32 *Ga. App.* 488 (3) (123 S. E. 923).

■ Special ground 5 of the motion complains of the charge to the jury defining a tort in the terms of Code § 105-101, and also of the charge concerning additional or exemplary damages, in the language of Code § 105-2002; and these charges, while conceded to be correct, are said to have been erroneous because the action was ex contractu. This contention has been answered in the first division of this opinion, where it was held that this was an action ex delicto. The charges were not error for any reason assigned.

■ Special ground 6 assigns error on the following charge, as

being an expression of opinion by the court: "Now in the first item here contended for by plaintiff for damages, plaintiff relied upon the representation of the defendant 'that the automobile was a 1949 model, and because the automobile is in fact a 1948 model, the market value thereof was $350 less than that of a 1949 model." This was not an expression of opinion by the court, but was merely a statement of the plaintiff's contention as to the actual damages claimed or sued for by the plaintiff, and was taken literally from paragraph 7 of the petition as set out above, and this paragraph was referred to as "the first item here contended for by plaintiff for damages." The trial judge then instructed the jury as to the measure of damages being the difference in market value between a 1948 model and a 1949 model automobile at the time of the purchase, and he twice qualified his charge with, "If you should find there was [or 'if there is'] a difference in their values." Taken in its context, the charge could not have been misconstrued by the jury as an expression of opinion by the court that the plaintiff relied on the defendant's representation or that the car was a 1948 model.

■ The plaintiff contends that the only misrepresentation made was that the car was a 1949 model, but the defendant claims that no physical difference was shown between the 1948 and 1949 Hudson automobiles. The evidence showed that the Hudson cars made until late in the year 1948 had serial numbers beginning with "48", and those made after that time had numbers beginning with "49". The bill of sale stated that the car was a 1949 model, and the serial number entered therein began with number "48", but the plaintiff did not know that the serial number indicated the year model, and it was shown that the defendant did know this fact.

While there may have been no difference in the features of the 1949 and 1948 Hudson cars, there may nevertheless have been a difference in their market value. "In an action for fraud in a sale of personalty, where the plaintiff elects to affirm the sale, the measure of damages is the difference between the actual value at the time of delivery and what would have been the value if the representation of the seller had been true." *Haynes v. Elberton Motors*, 57 *Ga. App.* 247 (1) (194 S. E. 884), and citations.

The parties both testified that the price of the car sold as a 1949 model was $2750, on January 4, 1949. The plaintiff's testimony as to the value of a 1948 or series 482 Hudson Commodore Six, which he got was as follows: "I first learned that I did not buy a 1949 Hudson when I tried to trade it in for a 1950 in Tallahassee, Florida, the latter part of May, 1950. . . I tried to trade this automobile at various places, at Tallahassee, also at Albany, and also Waycross. The 1948 model Hudson is of less value than the 1949 model. The trade-in values that they were offering would have been less than for the 1949 Hudson, about $350 to $500 less. My statement regarding the difference in the values of the Hudsons is based on what they offered me. If I got ready to trade it I know that all I'd get would be a 1948 value. They told me what they would offer me for it, that all I can get for it is 1948 value. . . I don't know of my own knowledge the difference in the value that I got and the new one on the floor that I didn't get. I understand that both of them on the floor were new cars."

The defendant's testimony with regard to the value of the car sold to the plaintiff was, in part, as follows: "I had another car on the floor [at the time of the sale in question]. I am not sure whether it was a 490 or a 480 series. It was the same type car, a new Hudson. The Hudson changed the serial number at various and sundry times, and they didn't change the outward appearance of the car, made no physical change in the car whatever. . . I can't explain why the NADA book shows the average price 48 series 482 Commodore Hudson automobile $1545 and average 49 series model, beginning 495 Commodore Six as $1745. It is the idea of the book publishers and their figures and I can't explain why they said there was any difference, except it was a car built in 1948 or 1949, a car that I bought last year, or rather a 1949 that I bought early in 1949, a 1949 that I bought in the latter part of 1949, one would naturally be worth more than the other because of wear and tear. . . Ordinarily, there is a difference in the value of two cars with different year models. . . When a new model car comes out the dealer must take a discount on the older model."

The evidence shows that there was some difference in the market value of a new series 482 and of a new series 492 Hudson

automobile, that is, in the value of a 1948 model and of a 1949 model, on January 4, 1949. The plaintiff testified that, when he undertook to trade his car in for a 1950 model, he was informed and discovered that his Hudson car was a 1948 instead of a 1949 model, and that the difference in the value of a 1948 and a 1949 model Hudson car of the type that he owned was $350 to $500. Under the evidence, the jury was authorized to find that the defendant sold the automobile in question to the plaintiff as a 1949 model and so represented it to the plaintiff at the time of the sale, when he knew, or as a Hudson dealer should have known, that it was a 1948 model, and that by such wilful misrepresentation the plaintiff was induced to trade for the car and was thereby deceived and defrauded, the plaintiff not knowing the model of the car for which he traded, but relying on the representation of the defendant as to same.

The plaintiff sued for $350 actual damages and $1000 punitive damages. Under the evidence, the verdict of the jury for $1000 was authorized.

Pursuant to the act of 1945 (Ga. L. 1945, p. 232; Code Ann. Supp., § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. Gardner, P. J., Townsend, Worrill, and Carlisle, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. I dissent from the judgment of affirmance for two reasons. I think that the charge complained of in ground six was a plain expression of opinion by the court to the effect that the plaintiff relied upon the representation of the defendant that the automobile was a 1949 model, and that a new trial should be granted for that reason. The court was at the time referring to a contention of the plaintiff as to an item of damage. He was not discussing the contention of the plaintiff that he relied on the representations of the defendant, and I therefore cannot see how the jury could have interpreted the words otherwise than as an expression of the court's opinion. Second, I do not think that the plaintiff made out a case for damages. He traded in his 1949 Ford on the new Hudson and was allowed $2100 for it. There is no evidence that he was not allowed more for his car than he would probably have been

allowed on a 1949 model Hudson or any other new car for which he might have traded. If he was allowed $350 more for his car than he could have obtained elsewhere, or $350 more than its market value, he was not damaged. There was no evidence as to the trade-in or market value of the plaintiff's 1949 Ford.